[Filed May 14, 1891.]

P. E. COLBURN *v.* C. A. BARRETT, ADMINISTRATOR, ET AL.

PLEADING — DENIAL ON INFORMATION AND BELIEF.—A denial of "any knowledge or information sufficient to form a belief" as to certain material facts alleged, is a good denial and creates an issue to be tried.

SUMMONS — PUBLICATION —AFFIDAVIT.—An affidavit for an order for service of summons by publication must specify the property and show that the defendants have property within the state.

Umatilla county: M. D. CLIFFORD, Judge.

Defendants appeal.  Reversed.

*W. F. Butcher*, for Appellants.

*E. DePeatt*, for Respondent.

LORD, J.—This is a suit to foreclose a mortgage alleged to have been executed by J. P. Miller, deceased, in his lifetime, and his wife, Ida Miller, to the plaintiff. In this suit there are two appeals, in each of which there is presented a question for our consideration and determination. These will be examined in the order stated, namely, that of the defendant C. A. Barrett, as administrator, first, which presents the question as to the sufficiency of his denials of the facts alleged in the complaint. As to such facts he denies "any knowledge or information sufficient to form a belief," which the trial court, treating as insufficient, rendered a

decree in favor of the plaintiff upon the pleadings. It must be admitted, then, if the denials of the administrator on information and belief were sufficient, they did raise material issues to be tried, and it was error as against him to have given judgment upon the pleadings. Of this we think there can be no doubt upon principle, or under the adjudications of this state. The denials of the administrator are of "any knowledge or information sufficient to form a belief" as to the facts alleged. This was a good denial within the ruling of *Wilson* v. *Allen*, 11 Or. 154, where it was held that a denial of "any knowledge or information sufficient to form a belief" as to the existence of particular facts, was a sufficient or good denial under the code. This being so, we must hold that the denials of the administrator were sufficient, and raise material issues to be tried which made it error for the court below to give judgment on the pleadings. In the course of the argument, it was suggested that an administrator could not deny on information and belief in such case, as the deceased would have been required, if living, and the suit against him, to have made positive denials as to the facts alleged and now in controversy. From the nature of the case, it is not always possible for an administrator to have such knowledge of the facts or circumstances attending a transaction as the party to them, whom he represents by reason of his death, and as a consequence he could not make positive denials of such facts, yet in the interest of the estate it may be necessary to put the plaintiff upon his proof; otherwise to exclude the administrator from making such denials might work great and manifest injustice to the estate. In our judgment, the administrator was authorized to make such denials, and this being so, and the denials sufficient to raise material issues to be tried, it results that the court erred in giving a decree against him upon the pleadings, and must be reversed.

We now come to the other appellants, upon whom service was attempted to be had by publication, which is the ground

of the other appeal. The objection here is that it does not appear from the affidavit upon which the order of publication was made that the appellants had any property within this state. The provisions of the code as to this requirement are found in sections 56 and 57, Hill's Code. The affidavit states that "the suit is brought to foreclose a certain mortgage on real property situated in this county, made and delivered by the said J. P. Miller, deceased, in his lifetime, and by the defendant, Ida Miller, his wife." There is nothing in the affidavit to show that the appellants were the heirs at law of the said John P. Miller, deceased, or that they have any interest in any property situated in this county. All that appears is that the suit was brought to foreclose a certain mortgage on real property situated in the county, but there is no specification of the property which is the subject of the mortgage and the suit, nor any fact or circumstance alleged, directly or indirectly, to indicate that the appellants have any interest in such property whatever, or that they are in any way related as heirs at law or otherwise to the said John P. Miller. Unless the appellants have some interest in the property, and such property is specifically brought within the jurisdiction of the court, how is the plaintiff to maintain a suit against them on account of such mortgage? In *Pike* v. *Kennedy*, 15 Or. 420, the facts alleged in the affidavit specified the property that was the subject of the mortgage and suit, showing that it was situated in the county and state, and disclosed that the defendants still owned the property when the affidavit for the order was made. The result is, that the affidavit nowhere discloses that the defendants have any property in this state. There is not even a bare assertion to that effect, nor is the property specified. No principle is better settled than that the requirements of the statute in cases of this sort must be complied with when service by publication is sought to be had on absent defendants. "When," said Mr. Justice FIELD, "constructive service of process by publication is substituted in place of personal citation, and the court upon such serv-

ice is authorized to proceed against the person of an absent defendant not a citizen of the state, nor found within it, every principle of justice exacts a strict and literal compliance with the statutory provisions." ( *Galpin* v. *Page,* 18 Wall. 350.) The affidavit is certainly fatally defective in the particulars noted, and the order based upon it cannot be sustained.

It results, then, that the court did not acquire jurisdiction of the appellants, and that its judgment or decree as against them is void.