Argued January 20, affirmed February 8, rehearing denied February
29, 1916.

# LESLIE *v.* McNEIL.*

(154 Pac. 884.)

**Attachment—Affidavit for Publication—Sufficiency.**

1. An affidavit for publication of summons in a suit in which an
attachment is levied on land must allege that the defendant has prop-
erty within the state; and, it failing to contain such an averment, the
court does not acquire jurisdiction, and any judgment based thereon
is void.

[As to defects in attachment proceedings, see note in 76 **Am.
St. Rep.** 800.]

From Coos: JOHN S. COKE, Judge.

Department 2. Statement by MR. JUSTICE BENSON.

G. W. Leslie began an action in the Circuit Court of
Coos County against J. D. McNeil and Nellie T. McNeil,
his wife, for the recovery of money by filing a complaint
and placing in the hands of the sheriff a summons to be
forwarded to the sheriff of Harney County, where de-
fendants then resided, and a writ of attachment was
issued and a levy made thereunder by the sheriff of
Coos County upon certain real property. The sum-
mons was subsequently served upon the defendants
personally in Harney County, and they appeared spe-
cially by a motion to quash the service of summons
which motion was allowed. Thereafter an *alias* sum-
mons was issued and placed in the hands of the sheriff
of Coos County for service, and by him returned "Not
found." This was followed by the filing of an affidavit
for publication of the summons, since in the meanwhile
the defendants had removed to Texas. The affidavit
contains, among others, the following allegation:

*In regard to questioning the validity of an attachment for insuffi-
ciency of affidavits, see note in 35 **L. R. A.** 778.          REPORTER.

"That at the time said summons and also said *alias* summons was in the hands of the sheriff for Coos County, Oregon, for service, there was at each of said times a writ of attachment issued in this cause and in the hands of said sheriff for service, and that immediately upon the receipt of each of said writs of attachment the sheriff of Coos County, Oregon, did then and there execute the same and attach certain real property situated in Coos County, Oregon, which property the said sheriff now holds under and by virtue of said writ."

Thereafter an order was made and entered directing the publication of the summons, and as a result of such publication a judgment was entered upon the default of the defendants, which contained the following clause:

"It further appearing to the court that there being certain real property attached in this cause belonging to the defendants situated in Coos County, Oregon, it is therefore ordered and adjudged that said real property be sold as provided by statute and the proceeds thereof be applied upon this judgment."

Afterward the property was sold under the judgment and plaintiff moved for a confirmation of the sale, whereupon the defendants appeared specially and filed objections to the confirmation thereof. Upon a hearing the objections were sustained, and the motion for confirmation denied and plaintiff appeals.

AFFIRMED.    REHEARING DENIED.

For appellant there was a brief over the names of *Mr. Edward E. Joehuk* and *Mr. George Watkins,* with an oral argument by *Mr. Joehuk.*

For respondents there was a brief over the names of *Mr. Harry G. Hoy* and *Mr. I. N. Miller,* with an oral argument by *Mr. Hoy.*

MR. JUSTICE BENSON delivered the opinion of the court.

1. We find it necessary to consider but one of the several questions presented, and that is the sufficiency of the affidavit for publication of summons. It will be noted that this affidavit does not anywhere allege that either of the defendants has any property within the State of Oregon. The paragraph quoted in the above statement is the only reference to property that is to be found in the entire document. It is not even alleged that the sheriff has attached property belonging to the defendants, but simply that the officer did attach "certain real property situated in Coos County, Oregon." This court has held that the affidavit for publication of summons must allege that the defendant has property within the state, and it failing to contain such an averment the court does not acquire any jurisdiction, and any judgment based thereon is void: *Colburn* v. *Barrett,* 21 Or. 27 (26 Pac. 1008).

It follows that the judgment must be affirmed, and it is so ordered.     AFFIRMED.     REHEARING DENIED.

MR. CHIEF JUSTICE MOORE, MR. JUSTICE BEAN and MR. JUSTICE HARRIS concur.