Argued January 28, affirmed March 2, rehearing denied May 25, 1926.

# RUDOLPH DISCH v. ALFRED A. CLOSSET.

## (244 Pac. 71.)

Husband and Wife—In Action for Criminal Conversation and Alienation of Affections, Statement of Plaintiff's Wife That She was Defendant's Wife Held Admissible to Prove State of Her Feeling.

1. In action for criminal conversation and alienation of affections, statement of plaintiff's wife that she was defendant's wife *held* admissible to prove state of her feelings.

Husband and Wife.

2. In action for criminal conversation and alienation of affections, wife's letter to plaintiff *held* admissible to show state of her feelings toward her husband.

Appeal and Error.

3. Verdict of jury, supported by evidence, on question of fact is conclusive.

Husband and Wife.

4. Evidence in support of action for criminal conversation and alienation of wife's affections *held* for jury.

Trial—Incompetent Evidence Admitted Without Objection will be Weighed at Its Value in Determining Motion for Nonsuit.

5. Although incompetent evidence admitted over objection should be disregarded in considering motion for nonsuit, incompetent evidence admitted without objection will be weighed at its value, especially that which is introduced by appellant himself.

Husband and Wife.

6. To warrant recovery for alienation of affections, defendant must be controlling cause of alienation, but not necessarily sole cause.

Trial.

7. In determining whether prejudicial error has been committed, charges should be considered in light of particular facts of case.

3. See 2 R. C. L. 193.
6. Effect of fact that husband or wife of plaintiff in action for alienation of affections was the active and aggressive party, see notes in 16 L. R. A. (N. S.) 742; 43 L. R. A. (N. S.) 332. See, also, 13 R. C. L. 1489.

Trial—Instruction That Defendant in Alienation of Affections Suit was Liable if He Contributed to Alienation Held not Prejudicial, if Erroneous, in View of Other Instructions.

8. In action for criminal conversation and alienation of affections, instruction that defendant need not have been sole cause, but was liable if he contributed to the alienation, *held* not prejudicial, if erroneous, in view of instruction that jury must be satisfied that affections were lost through, by, and because of, active intervention of defendant.

Husband and Wife—In Action for Criminal Conversation and Alienation of Affections, Only Decree, and not Pleadings, in Default Divorce Case Held Admissible.

9. In action for criminal conversation and alienation of wife's affections, only the decree, and not the pleadings and documents connected with it, in default divorce case against plaintiff, in which latter had received no notice that suit was to be heard until after decree was entered, *held* admissible.

Action—Causes of Action for Criminal Conversation and Alienation of Affections may be Joined (§ 94, subd. 2, Or. L.).

10. Causes of action for criminal conversation and alienation of affections may be joined in one complaint, in view of Section 94, subdivision 2, Or. L.

Husband and Wife—In Action for Criminal Conversation and Alienation of Affections, Instruction Referring to Charge of Some Physical Relation Between Defendant and Plaintiff's Former Wife Held Sufficiently Clear.

11. In action for criminal conversation and alienation of affections, instruction to jury, which contained women, referring to charge of some physical relation between defendant and former wife of plaintiff during time that alienation was in process, *held* sufficiently clear in connection with context.

Husband and Wife—Improper Physical Relations Supports Action for Criminal Conversation Without Proof of Alienation.

12. Improper physical relationship between defendant and plaintiff's wife supports action for criminal conversation without proof of alienation of affections.

Limitation of Actions.

13. Whether action for criminal conversation and alienation of affections was barred by limitations under Section 8, Or. L., *held* for jury under evidence.

---

Appeal and Error, 4 C. J., p. 1032, n. 36.

Husband and Wife, 30 C. J., p. 1119, n. 13 New, p. 1124, n. 69, 70, 71, p. 1125, n. 73, 74, p. 1126, n. 88, 89, p. 1127, n. 5, p. 1128, n. 23, p. 1139, n. 72, p. 1140, n. 74, 75, p. 1143, n. 21, 22, p. 1144, n. 42, 43, 46, p. 1146, n. 77, p. 1148, n. 97, p. 1151, n. 42, p. 1154, n. 4.

Limitation of Actions, 37 C. J., p. 1254, n. 27, 42.

Trial, 38 Cyc., p. 1554, n. 91, p. 1777, n. 64, p. 1779, n. 76.

From Multnomah: ROBERT G. MORROW, Judge.

Department 2.

The complaint in this case states two causes of action. The first cause of action is based on alleged criminal conversation, and the second cause of action is for alienation of the affections of plaintiff's former wife. The issues were joined on the fourth amended complaint, the amended answer thereto and the reply to said answer. A verdict was returned by the jury in favor of the plaintiff for the sum of $5,000. The plaintiff demanded $10,000 on both causes of action stated in his complaint or a total of $20,000. The appeal is from the judgment entered on the verdict. The alleged errors assigned are 11 in number. The first two are based on admission of testimony over the objection of defendant; the third and fourth are based upon the ruling of the court on defendant's motions for a judgment of nonsuit and a directed verdict in favor of defendant respectively. The other objections are all based upon certain instructions given by the court to the jury and excepted to by the defendant. Additional facts necessary to understand the reasons for our conclusion will be given in the opinion.

AFFIRMED.  REHEARING DENIED.

For appellant there was a brief over the names of *Mr. George A. Hall, Mr. D. C. Lewis* and *Mr. John F. Logan,* with an oral argument by *Mr. J. J. Fitzgerald.*

For respondent there was a brief and oral arguments by *Mr. E. W. Rastman* and *Mr. L. E. Schmitt.*

COSHOW, J.—1, 2. Exceptions I and II are based on the admission, over the objection of defendant, of testimony of a witness to the effect that plaintiff's wife in May, 1922, stated that she was the wife of the defendant. It was admitted by the court as evidence of the attitude of plaintiff's wife, and was limited to that purpose by the court. A letter written by plaintiff's wife to him in December, 1921, was admitted over objection for the same purpose. At the time the testimony was received the judge explained to the jury that it must not be considered as evidence tending to prove the defendant guilty, but for the sole purpose of determining the state of the feelings of the then Mrs. Disch toward her husband, the plaintiff. This caution to the jury was repeated in the general charge given to the jury. That it was admissible for that purpose is settled by an overwhelming weight of authority: 30 C. J. 1139, 1140, 1143 (§ 1016); *Coates* v. *Slusher,* 109 Or. 612, 623 (222 Pac. 311); *Pugsley* v. *Smith,* 98 Or. 448 (194 Pac. 686); *Schneider* v. *Tapfer,* 92 Or. 520 (180 Pac. 107); *Saxton* v. *Barber,* 71 Or. 230 (139 Pac. 334); valuable note in 3 Am. R. C. 1448, 1449, where a long list of authorities from other jurisdictions is collated; *Waldron* v. *Waldron,* 45 Fed. 315 (156 U. S. 361, 384, 39 L. Ed. 453, 15 Sup. Ct. Rep. 383, see, also, Rose's U. S. Notes).

3. There was sufficient competent evidence to submit to the jury the question of whether or not plaintiff had lost the affections of his wife. Other letters than the one mentioned above written to and received by the plaintiff from his wife indicated that she had much affection for plaintiff. She divorced him and later married the defendant. That conduct indicates her loss of affection for the plaintiff. The

value and weight of the evidence on that element was determined by the jury in favor of the plaintiff. It being a question of fact is thereby conclusively settled.

4. There is some competent evidence that defendant was the cause of plaintiff's loss. Plaintiff and his wife intermarried March 10, 1920. There is evidence that the defendant referred to the plaintiff's then wife as defendant's wife, and that defendant was living with her as her husband at that time. There were other circumstances testified to during the trial and extending over a period of more than two years from which the jury could properly infer that the defendant was guilty of adultery with the then wife of plaintiff, and that he was the cause of the alienation of her affections from the plaintiff. The evidence implicating defendant as the controlling cause is meager. Most of it was brought out in cross-examination of plaintiff while a witness in his own behalf. Much of it was hearsay and would have been rejected if defendant had objected, but defendant himself adduced it. This evidence is supported by the marriage of defendant and the former Mrs. Disch six months after she secured a divorce from plaintiff. The association of defendant and his present wife for more than two years while she was the wife of plaintiff together with their marriage is some evidence of the cause of the estrangement. It would be of no benefit to go into details of the evidence. There are other circumstances tending to prove the cause of the alienation. They might have been explained. But defendant did not attempt to explain them. He offered no evidence, but rested the case made by plaintiff and the cross-examination of plaintiff's witnesses.

5. The defendant invokes the rule that only competent evidence will be considered in passing on a motion for nonsuit. Incompetent evidence admitted over objection should be disregarded in considering a motion for nonsuit. But incompetent evidence admitted without objection will be weighed at its value in determining a motion for nonsuit: *Jacobsen* v. *Siddal,* 12 Or. 280 (7 Pac. 108, 53 Am. Rep. 360, 3 Am. R. C. 1335). Much less has defendant a right to object to consideration of evidence introduced by himself.

6–8. Exception was taken to the instruction of the judge in the following language:

"He need not have been the sole cause, but if he contributed, then he must answer accordingly.

"If such a person is the entire cause of the alienation of the affections of the wife, if they shall be alienated, then he shall answer accordingly; if he is only partially the cause of it, then he must answer accordingly, although to a lesser degree than if he was altogether responsible."

In this connecton the jury was also instructed:

"To entitle the plaintiff to recover, the jury must be satisfied by the greater weight of the testimony that the affections of the woman were lost to the plaintiff and that they were lost through, by and because of the active intervention and proceedings of the defendant."

The rule in this as in most jurisdictions is that defendant must be the controlling cause of the alienation: *Hughes* v. *Holman et al.,* 110 Or. 415, 429 (223 Pac. 730, 31 A. L. R. 1108); *Pugsley* v. *Smith*, 98 Or. 449, 459 (194 Pac. 686); 2 Schouler on Marriage, Divorce, Sep. & Dom. Rel. (6 ed.), 1586, § 1334; 30 C. J. 1125, §§ 981, 984.

" * * But it need not appear that the defendant was the sole cause of the separation." Schouler, above; 30 C. J. 1125, note 74, citing *Pugsley* v. *Smith,* above; 3 Am. R. C. 1437, where other authorities are collated under the subtitle "Controlling and Contributing Causes."

Charges to a jury as other matters of law involved in a litigation should be considered in the light of the particular facts of the case. The instructions complained of would have been more accurately in accord with the law of this state if the learned circuit judge had used the word "controlling" in the language quoted above, but in the light of the facts adduced, and taking the charge as a whole, the instructions quoted above were harmless, if error at all.

The plaintiff protested to defendant about his intimacy with plaintiff's wife. The defendant did not deny his relations with her, but was rough and threatening toward plaintiff. As late as December, 1921, plaintiff and "the woman in the case" made plans to resume permanently their marital relations in Spokane. Plaintiff testified that his then wife promised to go with him to Spokane and to break her relations with defendant; that he went to Spokane to get his wife away from defendant; that his wife promised to follow him. Instead of doing so she revived her divorce suit which had been dormant for more than a year. There was no evidence of any cause for the alienation of the woman's affection except the conduct of plaintiff, and the conduct of the defendant. The alleged abusive conduct of the plaintiff was not proved to the satisfaction of the jury.

"The defendant will not be exonerated merely because he is less blamable than the injured spouse,

and will incur liability by preventing a reconciliation between spouses estranged through the misconduct of one." 30 C. J. 1126, §§ 984, 985.

9. The record of the divorce referred to was introduced by defendant as a part of the cross-examination of plaintiff. The defendant complains because the judge instructed the jury to consider the decree only and advised them not to read the other papers and documents connected with it. Defendant contends that the divorce having been granted on default of the plaintiff there was a solemn admission of all the charges in the divorce complaint. The circuit judge correctly advised the jury. A divorce granted subsequently to acts of criminal conduct or alienating affections is not a defense, but was admissible in mitigation of damages: *Cole* v. *Johnson et al.*, 103 Or. 319, 338 (205 Pac. 282); *Roberts* v. *Cohen*, 104 Or. 177 (206 Pac. 295); *Waldron* v. *Waldron*, 45 Fed. 315; 156 U. S. 361, 384 (39 L. Ed. 453, 15 Sup. Ct. Rep. 383, see, also, Rose's U. S. Notes); 2 Schouler on Marriage, Divorce, Sep. & Dom. Rel. (6 ed.), 1592, § 1337, n. 70.

The case of *Bergman* v. *Soloman*, 143 Ky. 581 (136 S. W. 1010), is not in point because the complaining spouse as defendant in the divorce suit had filed an answer making some allegations which were received in the action for alienation as admissions against interest. The record of the divorce proceeding was not a bar. The court said in its opinion:

"The defendant offered in evidence the record of the divorce suit. The court refused to allow it to be read and of this he complained. What Soloman had done in court was competent against him if the same thing done out of court would be competent. He had in that case withdrawn his answer and admitted the charges which his wife made against him

to be true. This admission may be shown. It may, of course, be explained, but it is a fact to which the jury may give such weight as they think it is entitled. His course in that case would also tend to show that he was willing to get rid of his wife and that his feelings were not so much damaged as he now claims. As to this he may make any explanation that he can. Still the facts are competent to be considered by the jury."

In the instant case the plaintiff filed no answer. He explained his default by testifying that he was in Spokane at the time the divorce suit was tried, and received no notice that the suit was to be heard until after the decree had been entered. There was then no admission against interest other than the recital in the decree of plaintiff's default. This was admitted. The Supreme Court of Kentucky seems to be in accord with the weight of authority, for in the later case of *Hostetter* v. *Green,* 159 Ky. 611 (167 S. W. 919, L. R. A. 1915C, 870), where the record of divorce disclosed no admissions of the defendant, its admission in evidence was refused. See valuable note in 3 Am. R. C. 1451, under subtitle "Divorce Proceedings and Decree." The case of *Hamilton* v. *McNeil,* 155 Iowa, 470 (129 N. W. 480, Ann. Cas. 1912D, 604, 3 Am. R. C. 1398) was based upon a statute of that state. Its authority is weakned by the dissent of two justices. Other states generally have refused to recognize its doctrine: *Luick* v. *Arends,* 21 N. D. 614 (132 N. W. 353, 3 Am. R. C. 1415, and note beginning in page 1440).

The defendant complains of the following instruction:

"This is an action for the alienation of the affections of the woman who was formerly the wife of the plaintiff, said to have been caused by the defendant.

There is with it, also, a charge of some physical relation between the present defendant and the former wife of the plaintiff during the time that this alienation was in process."

10. There were two causes of action separately stated in the complaint, to wit: Criminal conversation and alienation of affections.   The two actions are properly joined in one complaint: Or. L., sec. 94, subd. 2; 30 C. J. 1124, § 980, n. 69; *Jacobson* v. *Siddal,* above, and valuable note in 3 Am. R. C. 1431; *Valentine* v. *Pollak,* 95 Conn. 556, 559, 560 (111 Atl. 869). Defendant seems to recognize this for in his argument supporting his claim that the statute of limitations barred the action he refers to Or. L., Section 8. Plaintiff's right of action is for an injury to himself, not for injury to his then wife.

11, 12. Defendant also complains of the following instruction:

"There has been some discussion here, as I told you, about some physical relationship between the parties, as well as the alienation of affections.   It is not necessary that both should be proven; if both are proved, why, it is a fact for the jury to consider; but if either one is proved, to the satisfaction of the jury by the greater weight of the testimony, then there may be a recovery."

This instruction correctly states the law.   It is true, as defendant claims, that "mere maintenance of improper relations of one's spouse does not give rise to a cause of action for alienation," but such relation does support an action for criminal conversation.   The jury doubtless understood the judge to refer to the allegation in the complaint charging that defendant "wickedly, willfully, and maliciously, debauched and carnally knew the said Marie Disch." There were ladies on the jury, and the innate mod-

esty of the judge presiding at the trial caused him to use the language which wrested from its setting might be uncertain and vague. Taken with its context its meaning is certain and clear.

13. Defendant complains that the evidence conclusively shows that the statute of limitations prevented plaintiff from recovering in this action. It developed on cross-examination of the plaintiff that he caused a complaint to be prepared soon after the complaint in the divorce suit was filed charging defendant with the same offense charged in the instant case. The divorce complaint was filed March 29, 1921. More than two years elapsed between these events and the commencement of this action. But it was also developed on cross-examination that the offending spouse represented that she had withdrawn her divorce proceedings; that she had a keen affection for plaintiff at different times until December 29, 1921. Such affection was very ardent when she wanted money. As late as December, 1921, she made plaintiff believe that she would go to Spokane and live with him. But "the villain still pursued her." The divorce proceeding dormant since March, 1921, was revived, and a decree rendered July 8, 1922, without plaintiff having received notice until thereafter. This action was instituted October 20, 1923, less than two years after the undisputed evidence discloses the alienation became complete and the separation final. As late as April 28, 1922, the offending spouse wrote the plaintiff in which she states her intention of coming to him, and sends "love and kisses." In December, 1921, she calls him "sweetheart" in a letter addressing him as "Dear Husband." The issue joined by the plea of limitations was a question of fact properly submitted to the jury.

Defendant introduced a letter written to a sister of the former Mrs. Disch, over the objection of plaintiff, from which this excerpt is taken:

"Marie has maried the mann a Belgian Scunk my biggest Enamee Alfred Closset, and who also clam my Baby as his but not by Dam sid . * * "

This letter is dated February 26, 1924. It clearly indicates an affection of plaintiff for his former wife, then the wife of defendant, and a desire to father the child in spite of its doubtful paternity. There is sufficient evidence to take the case to the jury on the question raised by the plea of limitations.

Taking the instructions as a whole we believe the jury could not have been misled in regard to the part defendant must have taken in order to entitle the plaintiff to recover.

The judgment is affirmed.

AFFIRMED. REHEARING DENIED.

McBRIDE, C. J., and BROWN and BELT, JJ., concur.