Argued January 30, reversed May 28, 1958

# DICKENSON *v.* BABICH

326 P. 2d 446

*Peery T. Buren* and *Allan G. Carson,* Salem, argued the cause for appellant. On the brief were Carson, Carson & Gunnar and Peery T. Buren.

*John C. Mull* and *Paul F. Burris,* Salem, argued the cause and filed a brief for respondent.

Before PERRY, Chief Justice, and LUSK, WARNER and KESTER,* Justices.

PERRY, C.J.

This is an action wherein plaintiff recovered damages against the defendant for alienating the affections of plaintiff's wife. From the judgment entered the defendant appeals.

Constructive service of summons was had upon the defendant by publication, as provided in ORS 15.140. The defendant appeared specially and moved to set aside the service had upon him. The trial court denied the defendant's motion and the defendant assigns this as error.

The action was commenced on December 29, 1953, and summons for personal service was placed in the hands of the sheriff of Marion county on December 30, 1953, and a "not found" return was made by the sheriff April 28, 1954. The plaintiff then obtained

---

* Resigned March 1, 1958.

service of summons upon the defendant by publication thereof while the defendant was physically present in the state of Washington.

The sufficiency of the plaintiff's affidavit for service of summons by publication is not questioned, but the efficacy of such service to permit the rendition of a personal judgment against the defendant is questioned.

The principal contention of the defendant is that, the action being one for recovery of a personal judgment, such constructive service will not endow the trial court with power to enter a judgment in personam against him. He relies upon *Pennoyer v. Neff,* 95 US 714, 24 L ed 565. Under the doctrine of this case, which arose in the state of Oregon, the principle of law therein announced relates to lack of due process in the service of summons by publication upon nonresidents. It is not questioned that this is still the law relative to nonresident defendants. However, the broad language which has been thought to prohibit acquisition of personal jurisdiction over any person beyond the boundaries of a state has since been reexamined as it affects a state's own residents. *Milliken v. Meyer,* 311 US 457, 61 S Ct 339, 85 L ed 278, 132 ALR 1357. Personal jurisdiction of a state's own residents through substituted personal service was recognized as probably sufficient to comply with the requirements of due process to authorize entry of a judgment in personam in *McDonald v. Mabee,* 243 US 90, 37 S Ct 343, 61 L ed 608.

In *Milliken v. Meyer,* supra, decided by the Supreme Court of the United States December 23, 1940, in construing a Wyoming statute which is substantially the same as ORS 15.110, it was determined that personal jurisdiction of a defendant could be acquired

through legislatively authorized personal service of summons issued out of a court and served personally upon a defendant in another state jurisdiction. This because a person domiciled in a state and enjoying its privileges of residence must accept the reciprocal duties imposed by that state; one of these duties being personal amenability to the courts of his domicile.

The area of inquiry thus opened is whether or not the defendant in this case was at the time of the commencement of the proceedings a citizen of this state and, if so, whether the method used in bringing him before the court complies with the requirements of due process.

There can be no doubt as to the domicile of the defendant at the commencement of the action, for his own affidavit, presented on the motion to set aside the service, states "he disposed of his domicile in the state of Oregon in the month of January, 1954," a time subsequent to the commencement of this action.

An examination of the opinions of this court discloses that we have consistently followed the rule of *Pennoyer v. Neff,* supra, and held that service by publication was insufficient to empower the trial court to enter a judgment strictly in personam against a defendant thus served. Since our opinions make no reference to the matter of the domicile of the defendant at the commencement of the action, it, therefore, appears that in the light of *Milliken v. Meyer,* supra, a review of this position as it affects our own citizens is necessary.

It is to be noted that in *Milliken v. Meyer,* supra, the Supreme Court of the United States relied heavily upon *McDonald v. Mabee,* supra, as apparently recognizing a distinction in the requirements of due process as between a nonresident defendant and a defendant

domiciled in the state seeking to enforce its jurisdiction. It should, also, be noted that Mr. Justice Holmes in speaking for the court in *McDonald v. Mabee,* supra, page 92, said:

"To dispense with personal service the substitute that is most likely to reach the defendant is the least that ought to be required if substantial justice is to be done."

The service obtained upon the defendant in *Milliken v. Meyer,* supra, was sustained because, in fact, it was personal service of process as provided by statute, that is, personal service as distinguished from constructive service by publication, although made without the state. It brought actual notice of the pending proceedings to the defendant.

Personal service of a copy of the summons and complaint upon a resident made beyond the borders of the state will give assurance that the defendant has received notice of the pending. action, while merely mailing a copy of the summons and complaint to the last known place of residence can do no more than raise a presumption that a defendant has been notified.

Service of process by publication is at best a harsh and technical substitute for personal service of summons, *Quattrochi v. Quattrochi,* (1944, Mo App) 179 SW2d 757, even being described as a "miserable substitute" for personal service, *Parker v. Scobee,* 36 SW2d 303. And, even though ORS 15.140 provides for the forwarding of a copy of the complaint and summons to the last known place of residence of a defendant when publication of service of summons is sought, it is, in our opinion, the least likely substitute to give actual notice to a defendant "if substantial justice is to be done."

Mr. Justice Holmes pointed out in *McDonald v. Mabee,* supra, p. 91:

> "The foundation of jurisdiction is physical power, although in civilized times it is not necessary to maintain that power throughout proceedings properly begun, and although submission to the jurisdiction by appearance may take the place of service upon the person. Michigan Trust Co. v. Ferry, 228 U. S. 346, 353. Pennsylvania Fire Insurance Co. v. Gold Issue Mining & Milling Co., decided to-day, post, 93. No doubt there may be some extension of the means of acquiring jurisdiction beyond service or appearance, but the foundation should be borne in mind. Subject to its conception of sovereignty even the common law required a judgment not to be contrary to natural justice. Douglas v. Forrest, 4 Bing. 686, 700, 701. Becquet v. MacCarthy, 2 B. & Ad. 951, 959. Maubourquet v. Wyse (1867) 1 Ir. Rep. C. L. 471, 481. And in States bound together by a Constitution and subject to the Fourteenth Amendment, great caution should be used not to let fiction deny the fair play that can be secured only by a pretty close adhesion to fact. Baker v. Baker, Eccles & Co., 242 U. S. 394."

■ The plaintiff's affidavit for publication states "that defendant is believed to be visiting with C. O. McKenzie at 552 South Sullivan Street, Seattle 8, Washington." Apprised of such facts, it appears to us a plaintiff, in order to meet the requirements of due process providing a service of summons most likely to give a defendant actual notice of the pendency of the proceedings, would be required to cause personal service outside the state to be made upon such defendant as provided in ORS 15.110, section (1) thereof reading as follows:

> "If the defendant is not within the state, and the court has jurisdiction of the subject matter of the action, the plaintiff may, as an equivalent of

service by publication and in lieu thereof and of the affidavit and order therefor, and of the requirement for mailing a copy of the summons and complaint, cause a summons, together with a copy of the complaint certified by the plaintiff, his attorney or agent, or by the clerk of the court, personally to be served on the defendant outside the state."

Service of summons by publication, so far as material to this opinion, is authorized as follows:

"(1) When service of summons can not be made as prescribed in ORS 15.080, and the defendant after due diligence cannot be found within the state, and that fact appears by affidavit to the satisfaction of the court or judge thereof, or judge authorized to grant the order as provided in subsection (3) of this section, and it also appears that a cause of action exists against the defendant, or that he is a proper party to an action relating to real property in this state, the court or judge thereof, or judge authorized to grant the order, shall grant an order that the service be made by publication of a summons in any of the following cases:

\* \* \* \* \*

"(b) When the defendant, being a resident of this state, has departed therefrom with intent to defraud his creditors, or to avoid the service of a summons, or with like intent keeps himself concealed therein, or has departed from the state and remained absent therefrom six consecutive weeks; provided, that if the defendant after due and diligent search cannot be found within the state, he shall be deemed to have kept himself concealed therein with intent to avoid the service of a summons.

"(c) When the defendant is not a resident of the state but has property therein, and the court has jurisdiction of the subject of the action." ORS 15.120.

Subsection (b) of ORS 15.120, supra, refers to circumstances under which residents of this state may be served by publication. Subsection (c) provides the circumstances under which service of summons by publication may be had upon nonresidents. Therefore, the legislature had in mind providing a service by publication upon nonresidents that would meet the requirements of due process under the holdings of *Pennoyer v. Neff,* supra, and authorizing a service by publication under other conditions upon its own residents. See annotations 126 ALR 1483; 132 ALR 1361. However, it is not necessary for us to consider whether or not the provisions of the statute for service by publication upon our own residents is sufficient to meet the constitutional requirement of due process where the defendant has left with the purpose of establishing domicile in another state, for the affidavit upon which the jurisdiction of the trial court must rest is insufficient to vest the trial court with jurisdiction. It is to be noted, the statute provides "the court * * * shall grant an order that service be made by publication of summons in any of the following cases:" Therefore, before the trial court is authorized to "grant an order" it must be made to appear to the court by affidavit that the situation is such that the service by publication is authorized.

■ The whole purpose of the affidavit is to advise the court of existing facts from which he may judicially determine, first, that the case is one in which the legislature has authorized service of summons by publication, *Colburn v. Barrett et al.,* 21 Or 27, 26 P 1008, and, second, that it is necessary to proceed against the defendant by publication instead of by personal service, *Dixie Meadows Co. v. Kight,* 150 Or 395, 45 P2d 909.

The plaintiff's affidavit, insofar as material, is as follows:

"* * * that causes of suit exist in favor of the plaintiff and against the defendant and that the defendant is a proper and necessary party to this suit which relates to criminal conversation with the wife of the plaintiff and alienation of affection of the wife of plaintiff all of which is more fully made to appear from the verified complaint on file herein to which complaint reference is hereby made; that service of summons herein upon the defendant, John Babich, cannot be made personally in any of the modes prescribed by O. R. S., Chapter 15, Sec. 080 or at all for the reason that said defendant, although a resident and inhabitant of the State of Oregon, has either secreted himself within the State or else has left the State so that his whereabouts may not be determined.

"* * * that due and diligent effort has been made to locate the said defendant in that the Sheriff of Marion County, Oregon, has been directed to serve summons and copy of complaint on said defendant in Marion County, Oregon, on many occasions, at least eleven in number, over a period of more than sixty days and eleven or more trips having been made between the hours of 9 a.m. and 5 p.m. to the residence of the defendant on Sunnyview Avenue in Salem, Marion County, Oregon, and service was not effected as shown by the non est return on file herein to which reference is hereby made; and the undersigned has caused inquires to be made of many persons too numerous to mention and specifically of Mr. Lloyd Johnson at Homes Rest Home in Brooks, Oregon, who is the manager at said rest-home where defendant has business connections, the exact details being unknown to the undersigned, and the results of said inquiries are that the exact whereabouts of defendant are unknown and further inquiry was caused to be made of Mrs. John Morgan, former wife of the defendant, John Babich, and of divers

other persons and the result of all of these inquiries is that defendant is believed to be visiting with C. O. McKenzie at 552 South Sullivan Street, Seattle 8, Washington, and it is also known that the defendant, John Babich, still receives mail sent to him at his address in Salem, Marion County, Oregon, at 3111 Sunnyview Avenue. That although due diligence has been used, as aforesaid, to find the defendant within the State of Oregon, he cannot be found therein."

■ The legislature, in providing that service of summons by publication could be made upon our own residents, provided the conditions that must exist to give the courts jurisdiction. In this case, the applicable conditions to be set out in the affidavit were that the defendant had departed from the state to avoid service of summons, or he had departed from the state and remained absent therefrom six consecutive weeks. Neither of these facts appear in the plaintiff's affidavit. We have carefully searched the affidavit and there is not one word therein to indicate that the defendant left this state other than for the purpose of visiting in the state of Washington.

While the order of the trial court recites that the defendant "is absent from the state to avoid service of summons," the court's jurisdiction depends upon the affidavit, not the recitals of fact found in the order. *Goodale v. Coffee,* 24 Or 346, 33 P 990. The trial court being without jurisdiction the judgment rendered is void.

The motion to set aside the service of summons should have been sustained.

Reversed with directions to sustain the motion to set aside the service.