Argued February 9, reversed March 8, 1961

# LANG *v.* HILL
360 P. 2d 316

*Glenn Ramirez,* Klamath Falls, argued the cause for appellant. On the brief were Ramirez & Coe, Klamath Falls.

*Freeman C. Murray,* Klamath Falls, argued the cause and filed a brief for respondent.

Before Rossman, Presiding Justice, and Perry, Goodwin and Lusk, Justices.

LUSK, J.

This is an action for assault and battery. From an adverse judgment based on a finding by the court below that the action was barred by the statute of limitations, the plaintiff appeals.

The date of the assault and battery as alleged in the complaint was November 20, 1955. The complaint was filed and the summons delivered to the sheriff on October 1, 1957. On December 23, 1957, service of complaint and summons was made on the defendant in Klamath county, Oregon. Thereafter, the defendant filed his amended answer in which he set up the above facts as a bar to the action. Plaintiff filed a reply alleging that between October 1, 1957 and December 23, 1957, defendant concealed himself within Klamath county for the purpose of avoiding serv-

ice and for that reason the statute of limitations was tolled.

■ As a preliminary matter, the court took testimony ·on the question of whether the statute of limitations had run. The hearing was without ·a jury. The judgment recites that "by agreement and consent of the parties, the Court proceeded out of the ordinary course of trial procedure to take testimony" on this issue. The judgment further recites: "The Court proceeded to determine as a matter of law outside the hearing of the jury, under the objection of the Plaintiff and after having heard the testimony determined" that the defendant in no way attempted to conceal himself or to avoid service of process and that the statute had run as a matter of law. Although the language of the recitals which we have quoted is somewhat ambiguous, we think that a fair construction is that the parties agreed to the hearing of this question as a preliminary matter, but that the plaintiff objected to hearing it without a jury.

Two questions are presented for decision. First, whether, irrespective of the question of concealment, the action was filed in time; and second, whether plaintiff was entitled to a jury trial of the issue of concealment.

■ 1. An action for assault and battery must be commenced within two years after accrual of the cause of action. ORS 12.010 and 12.110. Other applicable statutes are the following:

> ORS 15.020: "Action shall be commenced by filing a complaint with the clerk of the court * * *"

> ORS 12.020: "For the purpose of determining whether an action has been commenced within the time limited, an action shall be deemed commenced

as to each defendant, when the complaint is filed, and the summons served on him, or on a codefendant who is a joint contractor, or otherwise united in interest with him."

ORS 12.030: "An attempt to commence an action shall be deemed equivalent to the commencement thereof, within the meaning of this chapter, when the complaint is filed, and the summons delivered, with the intent that it be actually served, to the sheriff or other officer of the county in which the defendants or one of them usually or last resided; or if a corporation be defendant, to the sheriff or other officer of the county in which such corporation was established by law, or where its general business was transacted, or where it kept an office for the transaction of business. But such an attempt shall be followed by the first publication of the summons, or the service thereof, within sixty days."

■ In *Dutro v. Ladd,* 50 Or 120, 91 P 459, this court held that the requirement of the last sentence of ORS 12.030, "But such an attempt shall be followed by the first publication of the summons, or the service thereof, within sixty days", means sixty days from the filing of the complaint and that where more than sixty days elapsed after the filing of the complaint before summons was served on the defendant or publication of summons commenced and the statutory time had meanwhile run, the action was barred. This decision has stood unchallenged for nearly sixty years and the construction there given the statutes is, we think, undoubtedly correct.

■ Applying the rule to the facts of this case, it is clear that the action is barred unless the statute was tolled by the defendant concealing himself to avoid service of summons. The complaint was filed and summons and complaint delivered to the sheriff on

October 1, 1957, three weeks before the two year period for the commencement of the action would expire. The sixty day period for making service or commencing publication of summons (assuming a case where publication of summons was appropriate) expired November 30, 1957. No publication of summons was attempted and personal service on the defendant was not made until December 23, 1957, 23 days after the expiration of the sixty day period and 32 days after the expiration of the two year period.

Since there was failure to comply with the sixty day requirement of the final sentence of ORS 12.030, the attempt to commence the action was not the equivalent of its commencement. For the purpose of determining whether the action was commenced within the time limited the case is no different than it would have been had no complaint ever been filed.

The plaintiff argues that *Dutro v. Ladd* is distinguishable because that case was an action on contract and jurisdiction could have been obtained by the attachment of property within the state and the publication of summons; whereas, in an action of tort, the defendant must be personally served. The contention seems to assume that the statute has no application to a case in which jurisdiction may be obtained only by personal service of summons.

■ As we view it, the statute means simply that if the case is one in which jurisdiction may be obtained by publication of summons that method may be pursued. The statute is in the alternative. It provides that the attempt shall be followed by the first publication of the summons *or* the service thereof within sixty days. To avoid the bar of the statute where it would otherwise have run, service by the one mode or the other must be made within sixty days from the filing of the

complaint. Since neither was done in this case, there is no occasion to discuss the question of whether service by publication was available to the plaintiff. As to this see *Dickenson v. Babich,* 213 Or 472, 326 P2d 446.

2. ORS 12.150 provides that if, after a cause of action has accrued against a person, he shall conceal himself, the time of concealment shall not be deemed or taken as any part of the time limited for the commencement of such action.

██ We are of the opinion that when a question of concealment arises under this section in an action at law, either party is entitled to a jury trial of that issue, as well as all the other issues in the case. No contrary holding has come to our attention, and no case in which the right has been questioned. It is a right taken for granted whenever the application of a statute of limitations depends upon conflicting testimony on questions of fraud, mistake, ignorance, concealment, the existence of a trust relationship, nonresidence or absence from the state, acknowledgment or new promise, or part payment. 54 CJS 552, Limitations of Actions § 400 *et seq.,* 37 CJ 1254, Limitations of Actions § 784 *et seq.* In this state, questions of the time of accrual of a cause of action, *Disch v. Closset,* 118 Or 111, 122, 244 P 71, of the exercise of reasonable diligence in the discovery of fraud, *Dixon v. Schoonover,* 226 Or 443, 359 P2d 115; *Wood v. Baker,* 217 Or 279, 341 P2d 134, of acknowledgment or new promise, *Meridianal Co. v. Moeck,* 121 Or 133, 253 P 525, have been submitted to the jury. We are aware of no reason for a different procedure where the plaintiff alleges that the statute of limitations has been tolled by concealment of the defendant. Of course, the same rules apply as to any other issue in an action at

law. The pleading is subject to demurrer if it fails to state facts sufficient to constitute concealment within the meaning of that word as used in the statute, *Rhoton v. Mendenhall,* 17 Or 199, 20 P 49, and, if the evidence does not support the pleading, it is the duty of the court to withdraw the issue from the jury and determine as a matter of law whether the statute has run. *Dixon v. Schoonover,* supra.

■■■■ The defendant suggests that the evidence in this case fails to establish the charge of concealment and for that reason that the denial of the right to a trial of the issue by a jury was harmless. The parties by agreement have brought to this court a narrative statement of the proceedings pursuant to ORS 19.088. The statement is five pages in length. Only one page is devoted to a statement of the evidence. The remainder consists of copies of portions of the pleadings and other matters which come to this court in every case as part of the trial court file. They have no place in an agreed narrative statement which is intended to be "in lieu of or in addition to a transcript." ORS 19.088. " 'Transcript' means the transcript of the court reporter's report as provided in ORS 8.340, 8.350, and 8.360." ORS 19.005(4). In support of the defendant's suggestion, counsel calls attention to certain exhibits in the trial court file. These exhibits have not been made a part of the agreed narrative statement nor have they been designated by either party to be included in the record as provided in ORS 19.074. They are, therefore, not before the court.

■■■ Regardless of these matters, we must decline to examine the testimony or the narrative statement thereof for the purpose of determining its sufficiency, for the denial of a jury trial is the denial of a right

so fundamental as to make acceptance of the defendant's invitation inadvisable. The court's refusal to call a jury was reversible error.

The judgment is reversed and the cause remanded for further proceedings in conformity with this opinion.