Argued June 5, affirmed July 8, petition for rehearing
denied September 9, 1964

# STATE HIGHWAY COMMISSION *v.* KLIKS

393 P. 2d 763

*George W. Mead,* Portland, argued the cause for

appellant. With him on the briefs was Irving Rand, Portland.

*J. Robert Patterson,* Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Robert Y. Thornton, Attorney General, and L. I. Lindas, Assistant Attorney General and Chief Counsel for Oregon State Highway Commission, Salem.

Before MCALLISTER, Chief Justice, and PERRY, O'CONNELL, DENECKE and LUSK, Justices.

PERRY, J.

The State of Oregon, by and through the State Highway Commission, for highway purposes, brought this proceeding to condemn a parcel of land belonging to the defendant Dorothy L. Kliks. The jury returned a verdict fixing the true cash value of the property at $122,500, the amount alleged in plaintiff's complaint. From the judgment entered on the verdict, the defendant appeals.

The defendant's sole assignment of error is made to the following instruction given by the trial court:

> "The burden of proving that just compensation is a sum in excess of the amount pleaded in Paragraph VI of plaintiff's complaint is upon the defendant. To allow the larger sum, the defendant must prove by a preponderance of the evidence that just compensation is greater than the amount so pleaded."

The defendant made exception to this instruction as follows:

> "We would take exception, your Honor, to the Court's instructions as to the burden of proof. I know that under the Nelson case that the Court

would be justified in giving those instructions, but we would take exception to them and to the Court's instructions along the same line, that the defendant had the burden of proof by the preponderance of the evidence to overcome the pleaded value of the property on the ground and for the reason that imposes upon the property owner an unreasonable burden in a condemnation case."

This matter was considered as to its constitutionality and we held there was no violation of a landowner's constitutional rights in requiring his acceptance of the burden of proof. *Highway Commission v. Nelson et al.*, 222 Or 458, 353 P2d 616.

The defendant argues that the law does not require the giving of the instruction and, therefore, the instruction should not be given, because "[t]here should be no greater burden of proof concerning just compensation upon the property owner than upon the condemning authority."

The defendant fails to recognize the purpose of ORS 366.380. ORS 366.380(1) now requires the commission to allege in its complaint in monetary figures the true value of the property taken and the damage, if any, resulting from the taking.

■ There could be but one purpose in requiring the commission to allege the true value and damage, and that is to require the commission to admit a liability for the taking in an amount certain. This requirement is for the benefit of a defendant landowner, since at this point, regardless of the prior negotiations required, he is at liberty to accept the sum alleged and terminate the proceedings. If the landowner believes the amount alleged by the commission is less than the true value of the property and the damage by reason of the taking, the statute now requires he shall set

forth the amount which he believes constitutes just compensation.

■ Under the procedure set forth in ORS 366.380, no adversary proceeding as to true market value or damages arises until the landowner is of the opinion that the commission's determination is less than the true market value. Therefore, when an owner alleges a greater sum than that set forth by the commission, the owner creates an issue for determination. The owner having created the issue as to value and damages in excess of that alleged by the commission, the burden of proof is upon the landowner to establish this issue, since ORS 41.210 provides:

> "The party having the affirmative of the issue shall produce the evidence to prove it. Therefore, the burden of proof lies on the party who would be defeated if no evidence were given on either side."

Thus the changes in the statute since our opinion in *Highway Commission v. Nelson et al.,* supra, disclose even more an intention by the legislature to place the burden of proof of greater value than that alleged by the commission upon the landowner.

The trial court did not err in giving the instruction excepted to.

The judgment is affirmed.