Argued April 7, affirmed September 8, petition for rehearing
denied November 21, 1972

PHILLIPS, *Appellant, v.* WOOD, *Respondent.*
500 P2d 1035

*Warde H. Erwin,* Portland, argued the cause for appellant.

*Carrell F. Bradley,* Hillsboro, argued the cause for respondent.

BRYSON, J.

This is a malpractice action in which plaintiff seeks to recover damages from defendant, an osteopathic physician. Most of the facts are not germane to the legal issues presented.

The action was filed September 15, 1970. The second amended complaint alleges defendant's wrongful acts to have occurred in 1963; that treatment was discontinued in July, 1965; that on July 15, 1970, plaintiff first discovered that certain medication dispensed by defendant to plaintiff and digested by her was a

poisonous anticoagulent (sodium warfarin) and caused her alleged injuries.

Defendant's amended answer affirmatively alleged that the "action is barred by the Statute of Limitations in that plaintiff did not commence her action for more than two years from the date that the alleged injury was first discovered or in the exercise of reasonable care could have been discovered and the complaint was not filed within seven years of the injury." The plaintiff replied with a general denial.

The defendant moved the court to first hear, as a matter of law, the defense as to the running of the statute of limitations before plaintiff introduced evidence to prove the allegations of her complaint. The trial judge allowed the motion and heard testimony, sitting without a jury, and adjudged that the statute of limitations barred plaintiff's claim and entered judgment for defendant. At the hearing on this issue, both parties were allowed to call witnesses, with the defendant proceeding first with the burden of proving the affirmative allegations in his answer.

The plaintiff appeals and assigns as error that the "court erred in ordering a 'change in the order of proof'" and "in holding as a matter of law that the statute had run."

ORS 12.110 (4) provided (Amended by Oregon Laws 1971, Chapter 473):

"(4) An action to recover damages for injuries to the person arising from any medical * * * treatment, omission or operation shall be commenced within two years from the date when the injury is first discovered or in the exercise of reasonable care should have been discovered; provided that such action shall be commenced within seven

years from the date of the treatment, omission or operation upon which the action is based."

The plaintiff contends, and so urged the trial court at the time of trial, that she was entitled to a jury trial on whether the statute of limitations barred her recovery.

ORS 17.215 provides:

"The order of proof shall be regulated by the sound discretion of the court. Ordinarily, the party beginning the case shall exhaust his evidence before the other begins."

In *Lang v. Hill,* 226 Or 371, 360 P2d 316 (1961), the court took testimony, without a jury, on the question of whether the statute of limitations had run and determined as a matter of law that the statute had run and dismissed the case. This court reversed, holding that the plaintiff was entitled to a jury trial on the issue.

In *Schlegel v. Doran,* 260 Or 270, 490 P2d 163, 166 (1971), we expressly refused to follow *Lang.* Mr. Justice HOLMAN for the majority stated:

"Our present holding, that defendant is not now entitled to a jury trial because he did not make out a case when he was forced to submit the matter to the court, is contrary to a holding of this court in *Lang v. Hill,* 226 Or 371, 378-79, 360 P2d 316 (1961). We believe that efficient judicial administration requires the matter not be sent back for a jury trial when defendant did not make out a case justifying the relief he requested." 260 Or at 275-76.

In this day, it is the duty of all courts to expedite the judicial process so long as litigants' rights are not prejudiced. The trial court took a calculated risk. He stated:

"* * * [I]t would seem to me that if you tell

me that we can finish this by noon today or thereabouts so far as determining these other questions so that the Court can tell as a matter of law whether the Statute has run we would be balancing a good expenditure of time against a long expenditure of time."

The evidence proved as a matter of law that the statute of limitations had run. Plaintiff testified:

"Q And so you suspected then that he had given you an anti-coagulant type pill by mistake at that time?

"A Yes, sir, and—

"Q And you told your lawyer that?

"A Yes, sir.

"Q Did you also write to the various people concerning that in 1967?

"A In 1967 I did. I became suspicious again."

* * * * *

"Q Now, you say that you suspected that the headache pills given to you by Dr. Wood was the cause of your blood clotting problem?

"A Yes, sir.

"Q You complained about that to other people?

"A From 1967. Yes, sir."

* * * * *

"Q I ask you to refer to a letter you wrote to Dr. Reid on April 8, 1967. Would you read here to the Court?

"A 'In April of 1963 he accidently [sic] gave me an anticoagulant by mistake for headacke [sic] pills * * *.' Yes, I did write that letter and it was his actions that made me believe that he must have known."

■ It would be a futile exercise of judicial process to send the case back for retrial before the court and the jury as the plaintiff conclusively testified that she

discovered the alleged tortious acts of defendant more than two years prior to September 15, 1970, the date her complaint was filed. Plaintiff's counsel does not suggest that there would be any different evidence. Both parties were given a full opportunity to call witnesses on the statute of limitations issue.

██ The trial court should exercise its power to alter the order of proof in a jury trial only in rare instances and for good and sufficient reason. However, we cannot say this is not such a case. The transcript discloses that the trial court was faced with the possibility of a protracted trial of approximately two weeks that might have been to no avail if the statute of limitations barred plaintiff from bringing her action. Cases in which this court has approved the trial court altering the order of proof are *Highway Comm v. Superbilt Mfg. Co.,* 204 Or 393, 281 P2d 707 (1955); *Highway Commission v. Kliks,* 238 Or 281, 393 P2d 763 (1964); *Pacific Ry. & Nav. Co. v. Elmore Packing Co.,* 60 Or 534, 120 P 389 (1912); ORS 17.215.

Affirmed.

HOWELL, J., dissenting.

Initially, I want to emphasize that I do not question the good faith of counsel for defendant nor the trial judge in requesting and allowing the motion to hear the defense of the statute of limitations as a matter of law without a jury. However, I cannot agree with the majority that plaintiff's constitutional right to a trial by jury can be excused on the grounds of expediency and lack of prejudice.

The defendant affirmatively alleged in his answer that plaintiff did not commence her action for malpractice within two years from the date the injury

was discovered or could have been discovered by the exercise of reasonable care. Plaintiff's reply consisted of a general denial.

At this stage of the proceedings an issue of fact, not of law, was raised by the pleadings. Both parties were entitled to a jury trial on this issue as well as all other issues in the case as a matter of right under Article VII, Section 3, of our constitution.

The defendant convinced the trial judge that the trial would be shortened because his evidence would show a complete defense. The judge and one of the parties should not be able to force the other litigant into a denial of the right to present her case before a jury on the theory that the evidence will show a complete defense as a matter of law. If such procedure is permissible, then I see no reason why it cannot be followed in other cases where an issue of fact has been made by the pleadings, and the defense is a release, the statute of frauds, the statute of limitations, and questions related to the statute of limitations such as concealment, discovery of fraud, non-residence, or new promise to pay. *Lang v. Hill*, 226 Or 371, 360 P2d 316 (1961); *Dixon et ux v. Schoonover et ux*, 226 Or 443, 359 P2d 115, 360 P2d 274 (1961); *Meridianal Co. v. Moeck*, 121 Or 133, 253 P 525 (1927).

Also, I see no reason why the same procedure could not be followed in a personal injury case where one party convinces the trial judge before trial that he can establish liability or non-liability as a matter of law.

The majority attempts to justify the procedure followed in the instant case on the theory that the trial court was acting under ORS 17.215, which gives

discretion to the trial court to regulate the order of proof during a trial. It is perfectly obvious that the authority given the trial court to regulate the order of proof in a trial has no relationship to a party's constitutional right to a jury trial in the first instance. If a court could deprive one party of a jury trial on this basis, it could do the same over the objections of both.

The majority also justifies the procedure followed on the basis that the court took a "calculated risk" and "it is the duty of all courts to expedite the judicial process so long as litigants' rights are not prejudiced." Expediting the judicial process is a worthy goal, but again it is perfectly obvious that it cannot be used to deprive a litigant of her right to a trial by jury. Moreover, it is very questionable whether a "calculated risk" taken by the trial court in hearing a separate defense without a jury would serve to expedite the trial of the case. Generally, the question of when the particular injury was discovered, or should have been discovered, is one of fact for the jury. *Dilley v. Farmers Ins. Group,* 250 Or 207, 441 P2d 594 (1968); *Heise v. Pilot Rock Lbr. Co.,* 222 Or 78, 352 P2d 1072 (1960). It is entirely possible that the trial court would spend substantial time hearing the evidence only to conclude that a question of fact was presented. We all know that many cases present very close questions of whether one party or the other has presented sufficient facts to make out a case for the jury. It seems to me that a court, after agreeing to hear an affirmative defense as a matter of law, might possibly be inclined in a close case, whether consciously or unconsciously, to decide the defense as a matter of law rather than start anew by calling in a jury.

Lastly, I cannot agree with the conclusion of

the majority that plaintiff is not prejudiced by being deprived of her right to at least start out with a jury trial on the grounds that the evidence established that plaintiff's claim was barred as a matter of law. The same argument was made to this court and rejected in *Lang v. Hill,* supra.

I would reverse.

McALLISTER, J. and TONGUE, J., join in this dissent.