Argued 24 July, decided 27 August, 1907.

## DUTRO *v.* LADD.

91 Pac. 459.

PLEADING—RIGHT TO CLAIM INCONSISTENT DEFENSES.

1. Under Section 73, B. & C. Comp. providing that an answer may contain any new matter constituting a defense, and section 74, that defendant may plead as many defenses as he has, defendants sued on an account for legal services, having pleaded a general denial, were entitled also to plead limitations as an affirmative defense.

STATUTORY CONSTRUCTION.

2. Where several statutory provisions are included in the same act and adopted together, they should be construed together, and, if possible, all be made effective.

SAME—UNAMBIGUOUS TERMS.

3. When the language of a statute is clear and unambiguous the courts should declare the meaning imported and not resort to rules of construction for some other meaning.

LIMITATION OF ACTIONS—FILING COMPLAINT—SERVICE.

4. Under Sections 6, 51, 14 and 15, B. & C. Comp. an action on a contract is barred where the complaint was filed and the summons delivered to the sheriff for service before the expiration of the statutory period, but no service was had or publication begun until more than sixty days thereafter.

From Multnomah: JOHN B. CLELAND, Judge.

Statement by MR. COMMISSIONER KING.

This is an action by Thomas C. Dutro against William M. Ladd and others, as executors of the estate of W. S. Ladd, deceased, and another, to recover $5,000 attorney fees alleged to be due plaintiff from defendants for legal services furnished between December 15, 1896, and May 9, 1898. The complaint was filed May 7, 1904, at which time a copy of the summons was placed in the hands of the sheriff, but not served until March 9, 1905, when personal service was had and the summons filed. Defendants answered, denying the allegations of the complaint, and as an affirmative defense pleaded the statute of limitations. A reply being filed placing the cause at issue on June 28, 1905, a trial was had before a jury, resulting in a nonsuit. From a judgment thereon plaintiff appeals.

AFFIRMED.

For appellant there was a brief and an oral argument by *Mr. Cicero Milton Idleman.*

For respondent there was a brief over the name of *Williams. Wood & Linthicum,* with an oral argument by *Mr. Stewart Brian Linthicum.*

Opinion by MR. COMMISSIONER KING.

1. It is urged by counsel for plaintiff that defendant, by appearing and answering to the merits and denying the allegations of the complaint is not entitled to maintain his affirmative defense. It is settled that, where it does not appear from an inspection of the complaint that the remedy is barred, the same may be averred in the answer: *Hawkins* v. *Donnerberg,* 40 Or. 97 (66 Pac. 691, 908). Section 73, B. & C. Comp., provides that the answer may contain any new matter constituting a defense; and Section 74, that the defendant may set forth by answer as many defenses as he may have. While this cannot be done where it appears that the defense is clearly inconsistent, there is nothing inconsistent in the defendant asserting he owes the plaintiff nothing and at the same time averring

that the claim sued on is barred by the statute. The object of the law on the subject is to prevent the assertion of stale claims, whether with or without merit, thereby avoiding the oppressive results which would otherwise often follow after witnesses are unavailable, or after unavoidable events have transpired precluding the assertion of what might have otherwise been a good defense. It would therefore not be in harmony with the reason and spirit of the law to hold the statute unavailable merely because it may be alleged in the answer that the claim is without merit. Defenses may be deemed inconsistent only when they are so contradictory to each other that one of them must necessarily be false. In this case, if the defendant did not owe plaintiff, yet under the affirmative allegations in the answer, the statutory bar may be urged against him; while, if the claim is in fact meritorious, such time has elapsed since plaintiff's rights thereto matured as to constitute a bar to his remedy. Both may be true, and, if so, defendant should be permitted to frame his answer accordingly: *Snodgrass* v. *Andross,* 19 Or. 236 (23 Pac. 969).

2. The next question for determination is as to whether, under the facts admitted by the pleadings, plaintiff's claim is barred under B. & C. Comp., § 6, which provides that an action upon a contract or liability, express or implied, must be brought within six years from the time the cause of action accrues. It is admitted by the pleadings, in effect, that, while the complaint was filed two days before the expiration of the statutory period, the summons was not served nor filed until 10 months thereafter. It is provided by Section 51:

"Actions at law shall be commenced by filing a complaint with the clerk of the court, and the provisions of Sections 14 and 15 shall only apply to this subject for the purpose of determining whether an action has been commenced within the time limited by the code."

It is also added that summons may be served on the defendant at any time thereafter. Section 14 states that an action shall be deemed commenced when the complaint is filed and the summons served; and in Section 15 it is provided that an

attempt to commence the action shall be deemed equivalent to its commencement, when the complaint was filed and summons delivered with the intention that it shall be actually served by the sheriff or other officer of the county in which the defendants or one of them usually or last resided; "but such an attempt shall be followed by the first publication of the summons or service thereof within 60 days." It is conceded here that no service in person or attempted publication of summons was made within that time, but argued by plaintiff's counsel that there is a distinction between the "limitation" of actions and "commencement" of actions; that Sections 14 and 15 apply only for the purpose of determining whether the action has been commenced within the time limited by the code, and designates the relations only that exist between the defendants, specifying the respective rights as between themselves; and that these sections in no manner place any restrictions on Section 51. The sections of the statute alluded to are all included in an act entitled "A bill to provide a Code of Civil Procedure," adopted in 1862. Being included in the same act and adopted at the same time, they must necessarily be considered together, and such construction be given thereto, if possible, that all the provisions of each of the sections may be made effective: *State* v. *McGuire,* 24 Or. 366 (33 Pac. 666: 21 L. R. A. 478).

3. We think, however, that the language is plain and unambiguous, leaving no room for construction; and when the language is clear we have no discretion but to adopt the meaning which it imports: *Phelps* v. *Racey,* 60 N. Y. 10 (19 Am. Rep. 140).

4. Section 51 clearly states that Sections 14 and 15 of B. & C. Comp. can apply only for the purpose of determining whether the action has been commenced within the time prescribed by the code, and not for any other purpose. In any other case it is manifest that the filing of a complaint is sufficient, and the summons may be filed as there stated, provided it be filed within the time limited, where the question arises

as to whether the action is barred by Section 6 of the statute, in which event it is expressly provided that the service must be made within 60 days from the filing of the complaint. It being admitted the summons was not served, filed, or in any manner attempted to be served or filed, nor publication thereof attempted, until 6 years and '10 months after the cause of action matured, it necessarily follows that the action was not commenced within the time required: 1 Enc. Pl. & Pr. p. 136; *Burns* v. *White Swan Min. Co.,* 35 Or. 305 (57 Pac. 637); *Smith* v. *Day,* 39 Or. 531 (64 Pac. 812: 65 Pac. 1055).

Other points are suggested in the record, but not urged here; nor do we deem them material. The judgment of the court below should be affirmed.					AFFIRMED.