Argued May 6, reversed and remanded December 31, 1968,
petition for rehearing denied January 14, 1969

KENNER, *Appellant, v.* SCHMIDT,
*Respondent.*
448 P. 2d 537

*John T. Lewis,* The Dalles, argued the cause and filed briefs for appellant.

*Roger L. Dick,* The Dalles, argued the cause for respondent. On the brief were Dick & Dick.

Before PERRY, Chief Justice, and McALLISTER, O'CONNELL, GOODWIN, DENECKE, HOLMAN and LUSK,* Justices.

## McALLISTER, J.

The plaintiff appeals from a judgment which dismissed his action for damages on the ground that it was not commenced within the time limited by law. The case involves the interpretation of ORS 12.030, which provides when an attempt to commence an action is equivalent to the commencement thereof.

Plaintiff's cause of action against defendant for damages for personal injuries accrued on June 8, 1962. The two-year statute of limitations applied. ORS 12.110. The complaint in this action was filed on June 2, 1964, with the county clerk of Wasco county, in which defendant resided. On the same day a sum-

---

* Lusk, J., did not participate in the decision of this case.

mons was delivered to the sheriff of Wasco county for service on defendant.

On June 3, 1964, the sheriff purported to serve the summons on defendant by delivering a copy thereof, with a copy of the complaint, certified by plaintiff's attorney, to defendant's employee, Thomas Leedom, at defendant's usual place of abode. The original summons with the sheriff's return attached, showing substituted service on Leedom, was filed with the county clerk on June 4, 1964.

On June 24, 1964, defendant moved to quash the purported substituted service of June 3, 1964, on the ground that Leedom was not a person of defendant's family. The service was quashed on July 21, 1964.[1]

■ Plaintiff's first assignment of error contends that the court erred in quashing the June 3, 1964, substituted service on Thomas Leedom. We agree with the trial court that Leedom was not "a person of the family" within the meaning of ORS 15.080 (6).[2]

Leedom was a hired hand employed by defendant on his large ranch. Because there was no bunkhouse or other convenient quarters Leedom lived in the ranch house with defendant and his family and was charged board and room, which was deducted from his pay.

In *Mutzig v. Hope*, 176 Or 368, 378, 158 P2d 110 (1945), this court held that "substituted service is not according to the course of the common law and the record must affirmatively show the fact authorizing such substituted service." The court also pointed out

[1] Although it is not material to our decision, an amended return of the attempted service made on June 3, 1964, was later filed with leave of the court, and the service was quashed again on March 30, 1965.

[2] ORS 15.080 (7), as amended by Chapter 581, Oregon Laws 1967, changed "person of the family" to "member of the family," which is generally held to mean the same thing.

that substituted service under ORS 15.080 (6) is "an unsatisfactory substitute for personal service."

■ Although the term "family" may, under differing circumstances, include more than the husband, wife, and their children, we think it was not meant to include a nondomestic servant who might quit or be discharged at any time, who lived with his employer only because other convenient quarters were not available, and who was charged for his room and board. For a collection of cases considering the question of who is a person or member of the family within statutes such as ORS 15.080, see Annotation 136 ALR 1505.

When the plaintiff's attorney discovered that the sheriff had jeopardized plaintiff's cause of action by a substituted service of doubtful validity he attempted in several ways to effect a valid service. We need consider only one of those subsequent efforts which we hold resulted in a valid service on defendant.

On a date stipulated to be later than June 10, 1964, plaintiff delivered to the sheriff a new summons which, on June 17, 1964, was served on defendant personally in Wasco county by a deputy sheriff. Although this service was not quashed the court below achieved the same result by sustaining a demurrer to plaintiff's complaint on the ground that the action had not been commenced within the time limited by law. The order sustaining the demurrer was entered after it was stipulated that the second summons was delivered to the sheriff after June 10, 1964, a date more than two years after the accrual of the cause of action.

■ Without pausing to comment about how the question was raised, we will consider whether the June 17, 1964, service was valid. The basic question involved is whether plaintiff was limited to serving only the summons delivered to the sheriff on June 2, 1964, or

whether he could effect a valid service by issuing a second summons and having it served within the sixty days granted by ORS 12.030, even though the second summons was delivered to the sheriff more than two years after the action had accrued.

ORS 12.020 prescribes when an action is deemed commenced within the purview of the statutes of limitations as follows:

> "For the purpose of determining whether an action has been commenced within the time limited, an action shall be deemed commenced as to each defendant, when the complaint is filed, and the summons served on him, * * *."

ORS 12.030 deals with an attempt to commence an action and in pertinent part reads as follows:

> "An attempt to commence an action shall be deemed equivalent to the commencement thereof, within the meaning of this chapter, when the complaint is filed, and the summons delivered, with the intent that it be actually served, to the sheriff or other officer of the county in which the defendants or one of them usually or last resided; * * * But such an attempt shall be followed by the first publication of the summons, or the service thereof, within sixty days."

It will be noted that before the statute of limitations had run plaintiff had filed his action and delivered a summons to the sheriff with the intent that it be served. Plaintiff's attempt to commence the action was equivalent to a commencement thereof within the purview of ORS 12.030. The problem in this case arises because the sheriff made an invalid attempt to serve defendant on June 3, 1964, and then, on the next day, filed the original summons with his return attached with the county clerk. The defendant con-

tends that plaintiff was limited to serving the original summons delivered to the sheriff to commence the action and could not, more than two years after the cause accrued, issue and serve a new summons even though the sixty days allowed by ORS 12.030 had not expired.

■ Although it is not material in this case, we point out that the sixty days allowed for service by ORS 12.030 runs from the filing of the complaint. In *Lang v. Hill*, 226 Or 371, 375, 360 P2d 316 (1961), we said:

> "In Dutro v. Ladd, 50 Or 120, 91 P 459, this court held that the requirement of the last sentence of ORS 12.030, 'But such an attempt shall be followed by the first publication of the summons, or the service thereof, within sixty days', means sixty days from the filing of the complaint and that where more than sixty days elapsed after the filing of the complaint before summons was served on the defendant or publication of summons commenced and the statutory time had meanwhile run, the action was barred. This decision has stood unchallenged for nearly sixty years and the construction there given the statutes is, we think, undoubtedly correct."

In the case at bar the two years from the accrual of the cause of action ended on June 8, 1964. The complaint was filed on June 2nd and the sixty days allowed by ORS 12.030 ended on August 1, 1964. The basic question posed is whether, during the extension of the statute from June 8th to August 1, 1964, plaintiff was limited to serving the original summons or whether he could at any time during the extended period issue and serve such additional summonses as might be necessary to effect a valid service.

ORS 12.030 can be construed literally to mean that

the only summons which can be served within the sixty-day period is the summons delivered to the sheriff to mark the commencement of the action. We doubt, however, that the statute was intended to have such a restricted meaning. We are persuaded to this conclusion primarily by the history and apparent purpose of the statute.

ORS 12.030 was first enacted in Oregon in 1854. The Statutes of Oregon, 1854, § 13, p 172. Since our statute was taken verbatim from the New York Code[①] the reason for its enactment in New York is important.

At common law an action was commenced by issuing a writ and the statute could be suspended indefinitely by issuing successive writs without serving any of them.[②] In *Beekman v. Satterlee,* 5 Cowen 519 (1826) the plaintiff had delivered the writ to the sheriff with instructions not to serve it. The New York court held that despite the intent not to serve the writ the mere delivery of it to the sheriff was sufficient to toll the statute. To abrogate the holding in *Beekman v. Satterlee,* supra,[③] a statute was

_____

[①] In a frontispiece entitled "ADVERTISEMENT" appearing in the Statutes of Oregon, 1854, the following appears:

"That part of the Oregon Statutes relating to the manner of commencing and prosecuting actions at law, are taken, word for word, from the New York Code."

[②] "The tolling of the statute of limitations which arises on the commencement of the action by the issuance of summons is continued by the continuance of the action; and, where the first summons is returned nihil habet, non est inventus, or otherwise, and there has been no abandonment of the action or the original process, plaintiff may continue the action and the tolling of the statute by procuring the issuance of an alias summons or other subsequent writ within the statutory period computed from the impetration of the unserved writ or within such other time as is considered proper in the particular jurisdiction. * : * *"

54 CJS 297, Limitations of Actions § 265.

[③] Kelly, "The Code Limitations of Actions", 1903, § 67, p 70.

enacted in New York in 1829 providing that the writ must be delivered to the sheriff "with intent to be actually served."⑩ In 1851 the statute was amended to provide that the "attempt must be followed by the first publication of summons, or the service thereof, within sixty days." New York Code of Procedure, Voorhies' Third Edition 1853, § 99, p 76.

■■ The New York legislation from which ORS 12.030 was copied was intended to limit a plaintiff to sixty days in which to perfect service on the defendant or, if the defendant could not be found, to initiate publication of summons. The evil which the legislation sought to eliminate was the practice of tolling the statute indefinitely by the issuance of successive writs or continuances. We find no legislative intent to limit the plaintiff to service of the original summons delivered to commence the action. We think the legislative intent was to extend or toll the statute for sixty days from the filing of the complaint during which the plaintiff could effect service of either the original or a subsequent summons if service was completed within the sixty-day period.

ORS 12.030, as well as its New York counterpart, contemplates the issuance of a summons for publica-

---

⑩ "§ 38. No action for the recovery of any debt, demand, or damages only, or for the recovery of any penalty or forfeiture, shall be deemed to have been commenced within the meaning of this Chapter, unless it appear,

"1. That the first process or proceeding therein was duly served upon the defendants, or some one of them: or,

"2. That a *capias ad respondendum* was issued within the time required by law, to the sheriff of the county in which the defendants, or one of them, usually resided, or last resided, in good faith, and with intent to be actually served; and that such writ was duly returned:  * * * * *"

Revised Statutes of New York 1829, § 38, p 299.

tion, which would be a new and different summons than the one originally delivered to the sheriff for personal service. If, as in this case, the attempted service of the first summons is abortive, we see no reason why the plaintiff should not have the full period of limitations as extended by the 60-day provision of ORS 12.030 to issue and serve such additional summonses as are necessary to effect a valid service. A contrary holding would mean that plaintiff's cause of action could be defeated by a mistake or the neglect of the sheriff. We agree with the reasoning in *Cohoes Bronze Co. v. Georgia Home Ins. Co.*, 243 App Div 224, 276 NYS 619, 621 (1935), where the court said:

> "Under the construction given to this statute by the Trial Term, a plaintiff well might be placed in a precarious position. If by delivery of the summons to the sheriff he were to lose control of the process in his action, he might lose also his cause of action, because of the sheriff's failure in his duty, or because for some other reason he was unable to perform it. It was not the purpose of the statute to thus jeopardize or curtail plaintiff's rights, but to secure and enlarge them, and to enable him to preserve his cause of action for 60 days beyond the original time limitation. The statute does not require him to stand or fall upon the diligence or skill of the sheriff."

Defendant relies on *Smith v. Day*, 39 Or 531, 64 P 812, 65 P 1055 (1901), and *Lane v. Ball*, 83 Or 404, 160 P 144, 163 P 975 (1917), but we find those cases inapposite. *Smith v. Day* was a tort action in which the cause accrued on December 10, 1895, and the complaint was filed on March 30, 1896. A summons was served on a corporate defendant on March 31, 1896, but the service was quashed on October 20, 1896. On January 3, 1898, after the two-year statute had run,

a second summons was issued and served on the said defendant. The court said:

> "\* \* \* The first summons delivered was quashed, and thereby rendered futile for any purpose. The summons served was not delivered to the sheriff until January 3, 1898, more than two years after the alleged infliction of the personal injury complained of; hence the action was barred by the statute of limitations: Hill's Ann. Laws, § 8, subd. 1." 39 Or at 535.

Because the action was filed on March 30, 1896, the 60-day provision of ORS 12.030 was not applicable and was not mentioned in the opinion. The case leaves unanswered the effect of ORS 12.030 in extending the statute of limitations when the complaint is filed less than 60 days before the statute would otherwise run.

In *Lane v. Ball,* supra, also a tort action in which an ineffective attempt was made to serve some of the defendants, when plaintiff discovered that the service was invalid he issued, before the two-year statute had run, a new summons and served said defendants. The court said:

> "Though the question is not here involved it is believed a plaintiff or his attorney, at the commencement of a suit or action in a court of record, may if necessary issue as many summonses as he elects, and thereafter file in court only the notices from the returns of which it appears that one or more of the defendants has been served. The course suggested would be advantageous to a plaintiff when a defendant was attempting to flee the state so as to avoid the personal service upon him of a summons and a certified copy of the complaint in a law action. But however this may be, the plaintiff's counsel herein when he ascertained a mistake had been made in failing to have copies of the complaint served upon any of the defendants except White, had the right at any time before the

statute of limitations had run against his client's right, to issue another summons and cause it and certified copies of the complaint to be served upon the parties as to whom the prior attempted service was ineffectual." 83 Or at 423.

The court, as in *Smith v. Day,* supra, did not consider whether ORS 12.030, when applicable, extends the statute of limitations for the purpose of effecting service. The opinion does indicate a liberal policy toward issuing multiple and successive summonses in order to effect a valid service.

■ Since we are apparently deciding a question of first impression, we prefer to construe the statute liberally to effectuate its purpose of granting additional time in which to serve the defendant. We conclude that the trial court erred in sustaining the demurrer to plaintiff's complaint.

The judgment is reversed and remanded for further proceedings not inconsistent herewith.