Argued September 6, reversed December 13, 1973

# MOSER, *Appellant, v.* GREYHOUND LINES, INC., *Respondent.*

516 P2d 1285

*David R. Dierdorff,* Bend, argued the cause for appellant. With him on the briefs were Dierdorff & Babb, Bend.

*Fred M. Aebi,* Portland, argued the cause for respondent. With him on the brief were Gearin, Landis & Aebi, Portland.

O'CONNELL, C. J.

In this action for damages, plaintiff appeals from the trial court's order dismissing the complaint on the ground that the action was not commenced within the two-year period of limitations (ORS 12.110).

The facts are not in dispute. Plaintiff's cause of action against defendant for personal injuries was barred by the statute of limitations after August 10, 1972. On August 8, 1972, the complaint was mailed from Bend, Oregon to the clerk of the Marion County Circuit Court in Salem, Oregon, for filing. At the same time, copies of the complaint and summons were mailed to the sheriff in Multnomah County for service on defendant's registered agent in Portland. Due to the vagaries of the U. S. Postal Service, service to Portland was speedier than service to Salem. As a result, the summons and complaint were served on defendant's agent at 8:35 a.m. on August 10, 1972, while the complaint was not filed in Salem until 1:05 p.m. on August 10, 1972.

On September 12, 1972, defendant moved to quash this service of process. On September 21, 1972, plain-

tiff served defendant with a second summons. On September 27, 1972, defendant moved to quash the second service of process on the ground that service was effected beyond the two-year period of limitations and that plaintiff's initial service was not a valid "attempt to commence" the action within the terms of ORS 12.030. On November 16, 1972, the court allowed both of defendant's motions to quash, and on April 4, 1973, dismissed the complaint.

Under ORS 12.030 an attempt to commence an action is equivalent to the commencement of an action "when the complaint is filed, and the summons delivered with the intent that it be actually served, to the sheriff or other officer of the county in which the defendants or one of them usually or last resided. * * *"

It would be possible to construe this provision narrowly to mean that the statute of limitations was to be extended only in those cases where the defendant could not be found but where, in all other respects, the requirements for service of process had been met. We have not so construed the statute.

In *Kenner v. Schmidt*, 252 Or 218, 229, 448 P2d 537 (1969), we decided that the statute should be construed "liberally to effectuate its purpose of granting additional time in which to serve the defendant." Pursuing this liberal approach in construing the statute, we held in *State ex rel Kalich v. Bryson*, 253 Or 418, 453 P2d 659 (1969) that an attempt to commence an action was made within the meaning of the statute where the summons was ineffective because it failed to state the time when defendant was required to appear.

In the present case the summons was ineffective not because it failed to contain an essential element of

notice as in *Kalich,* but because it was served before the complaint was filed. We see no reason for making a distinction between the two factual situations in the application of the statute.

■ Two considerations should govern our application of the statute. First and principally, we must bear in mind that ORS 12.030 is dealing with an aspect of the statute of limitations. The statute extends the limitational period 60 days under certain circumstances.[1] A liberal application of ORS 12.030 does nothing more than add a short period to the statute of limitations. This is not inconsistent with the legislative policy underlying the statute of limitations generally. That untimely actions are not cut off automatically but only at the election of the defendant,[2] strongly indicates that delay in the prosecution of actions is not regarded as an evil of prime importance.

The second consideration is the possible danger that relaxation in the application of the statute might invite carelessness on the part of lawyers in initiating lawsuits. Assuming this to be a factor, we do not think that it is important enough to vitiate the action in the present case. To make absolutely certain that the service of summons was made after the filing of the complaint, plaintiff's counsel would have had to travel from Bend to Salem to file the complaint and thereafter proceed to obtain service of summons in Multnomah

---

[1] Prior decisions of this court have suggested in dicta that the 60-day extension runs from the time of the filing of the complaint. See Kenner v. Schmidt, 252 Or 218, 448 P2d 537 (1969); Bell et al v. Quaker City F. & M. Ins. Co., 230 Or 615, 370 P2d 219 (1962); Lang v. Hill, 226 Or 371, 360 P2d 316 (1961); Dutro v. Ladd, 50 Or 120, 91 P 459 (1907). This dicta is contrary to the explicit language of ORS 12.030 and therefore is repudiated. *See* 49 Or L Rev 337, 339-342 (1970).

[2] ORS 12.010.

county. Under these circumstances, we do not regard the mailing of the complaint and summons to be such carelessness as to disqualify the effort to initiate the action as an "attempt" under the statute.

■ It has been suggested that we construe ORS 12.030 by turning to ORS 15.020 and treating ORS 12.030 as having application only if the complaint is filed before an effort is made to serve the summons. Concededly, a summons served before the complaint is filed is an ineffective summons. But a summons which fails to designate the time appearance, as in *Kalich,* after the complaint is filed is equally ineffective. The question in both cases is the same—does the service of the ineffective summons constitute an "attempt to commence an action" within the meaning of ORS 12.030? The fact that ORS 15.020 provides that the summons shall be issued any time after the filing of the complaint is not helpful in deciding whether the legislature intended to make this order of events essential to constitute an "attempt" under ORS 12.030.

The judgment of the trial court is reversed.

BRYSON, J., dissenting.

Nothing in the record discloses any "vagaries of the U. S. Postal Service." The record shows the summons and complaint were served on defendant's agent at 8:35 a.m. on August 10, 1972. However, the complaint was not filed in Salem until 1:05 p.m. on August 10, 1972.

This case turns on the construction of the following two statutes:

ORS 12.030:

"An attempt to commence an action shall be deemed equivalent to the commencement thereof,

within the meaning of this chapter, when the complaint is filed, and the summons delivered, with the intent that it be actually served, to the sheriff or other officer of the county in which the defendants or one of them usually or last resided; or if a corporation be defendant, to the sheriff or other officer of the county in which such corporation was established by law, or where its general business was transacted, or where it kept an office for the transaction of business. But such an attempt shall be followed by the first publication of the summons, or the service thereof, within sixty days."

ORS 15.020:

"Action shall be commenced by filing a complaint with the clerk of the court. Any time after the action is commenced the plaintiff or his attorney may issue as many original summonses as either may elect and deliver one of such summonses to the sheriff of each county in which service on any defendant is desired."

Under ORS 12.030, the plaintiff "attempts" to commence his action when he performs two acts before the period of limitations expires: (1) the filing of the complaint, and (2) delivery of the summons to the proper officer with the intent that the summons be actually served. If these minimum duties are satisfied, the plaintiff's cause of action will be preserved for 60 days from the date of the attempt.[1] In *Kenner v. Schmidt*, 252 Or 218, 448 P2d 537 (1969), we quoted with approval the following language from *Cohoes*

---

[1] The following cases suggest *in dicta* that the 60-day extension runs from the date the complaint is filed. *See* Kenner v. Schmidt, 252 Or 218, 224, 448 P2d 537, 540 (1969); Bell et al v. Quaker City F. & M. Ins. Co., 230 Or 615, 620, 370 P2d 219, 222 (1962); Lang v. Hill, 226 Or 371, 375, 360 P2d 316, 319 (1961); Dutro v. Ladd, 50 Or 120, 124, 91 P 459, 460 (1907). This statement is contrary to the express terms of the statute and should be disapproved. See 49 Or L Rev 337, 339-42 (1970).

*Bronze Co. v. Georgia Home Ins. Co.,* 243 App Div 224, 276 NYS 619, 621 (1935):

> " 'Under the construction given to this statute by the Trial Term, a plaintiff well might be placed in a precarious position. If by delivery of the summons to the sheriff he were to lose control of the process in his action, he might lose also his cause of action, because of the sheriff's failure in his duty, or because for some other reason he was unable to perform it. It was not the purpose of the statute to thus jeopardize or curtail plaintiff's rights, but to secure and enlarge them, and to enable him to preserve his cause of action for 60 days beyond the original time limitation. The statute does not require him to stand or fall upon the diligence or skill of the sheriff." 252 Or at 227.

However, the statute does not relieve the plaintiff from his own errors and delays in making a timely attempt to commence the action.

In the present case, unless plaintiff's efforts to commence the action by mail on August 10, 1972, constituted a valid attempt under the statute, the cause of action expired on that date and could not be revived by another service of process on September 21, 1972. The issue is whether a plaintiff has satisfied ORS 12.030 if he delivers the summons to the sheriff for service before he files the complaint.

ORS 15.020 states that a summons may be issued at any time after the complaint is filed. The basic function of a summons is to notify a defendant that an action has been filed against him. The majority opinion relies on *State ex rel Kalich v. Bryson,* 253 Or 418, 453 P2d 659 (1969). In *State ex rel Kalich v. Bryson, supra,* the compliance with ORS 12.030 (attempt to commence action) and ORS 15.020 (issuance of summons) or the issue of "service of summons before

the complaint was filed" was not in the facts of the case, raised in the briefs, or before the court. In *Kalich* the issue was a defective summons (did not specify time for defendant to answer) and its amendment, on motion, by the trial court. Any judicial interpretation of ORS 15.020 sanctioning the issuance of a summons before the complaint is filed would violate both the logic and the letter of the statute. ORS 15.020 primarily states that "[a]ction shall be commenced by filing a complaint with the clerk of the court. Any time after the action is commenced the plaintiff or his attorney may issue * * * summonses * * * and deliver * * * summonses to the sheriff * * *."

As a general rule, compliance with statutory requirements relating to the giving of legal notice is an essential prerequisite to the validity of such notice. 1 Merrill on Notice § 493 (1952). It is assumed that a summons issued before the complaint is filed has no legal effect.[9] *See Commercial Nat'l Bank v. Tucker*, 123 Kan 214, 254 P 1034 (1927), and *Texas State Fair, etc. v. Lyon et al*, 5 Tex Civ App 382, 24 SW 328 (1893), holding that service of process before the action is legally commenced is a nullity. In using the term "summons" in ORS 12.030, the legislature contemplated a valid and legally effective summons and excluded the possibility of a summons issued before the complaint is filed. This point is stated in Peterson, *The Summons—A Slippery Threshold*, 46 Or L Rev 188, 190-91 (1967):

"The first breath in the life of a summons occurs with its issuance. Or. Rev. Stat. sec. 15.020 (1965)

[9] Keith v. Quinney, 1 Or 364 (1861), holding to the contrary, is distinguishable. The court in that case was construing legislation which did away completely with the necessity of filing a complaint and serving a summons in order to commence an action.

permits the plaintiff or his attorney to issue the summons 'any time after the action is commenced,' that is, any time after the complaint is filed. A summons is issued when it is 'placed in the hands of the sheriff, with the intention that it be served upon the defendant.' Thus a summons given to the sheriff prior to the filing of a complaint would be of no validity. Particular care in this regard should be taken when dealing with the court clerk and sheriff by mail. If the summons and complaint are sent in the same mail in different envelopes, it is entirely possible that the sheriff may receive the summons prior to the time the clerk receives and files the complaint. In that event the receipt by the sheriff may well be equivalent to the receipt of nothing more than a slip of paper."

The majority opinion also relies on *Kenner v. Schmidt, supra,* for the proposition that the statute, ORS 12.030, should be liberally construed, but in *Kenner* the complaint had been filed and the summons properly delivered to the sheriff before the two-year period had expired and that within the additional 60 days allowed by ORS 12.030 there had been good service of a second summons on the defendant. See also, *Construction and Misconstruction—ORS 12.030. Kenner v. Schmidt,* 49 Or L Rev 337 (1970).

Since plaintiff failed to deliver a legally effective summons to the sheriff before the period of limitations expired, plaintiff's efforts did not constitute an attempt to commence the action under ORS 12.030. The trial court properly dismissed the complaint because plaintiff's cause of action had expired on August 10, 1972.

The majority opinion states, "A liberal application of ORS 12.030 does nothing more than *add a short period* to the statute of limitations." (Emphasis

added.) Nothing is decided as to when a period is "short" or "too long" and thereby injects uncertainty into a procedural matter, leaving the Bar with no rule to follow. If any change is made to ORS 12.030 it should be done by the legislature until such time as this court is given rule-making power in procedural matters. The statutes now provide when, how, and where an action or a suit is to be filed and commenced. The majority opinion leaves the Bar in a dilemma surrounded by uncertainty. Although one might feel sympathetic to plaintiff because of mere tardiness, it is not a sound reason for changing the procedural rules in Oregon. For this reason I dissent.

McALLISTER and HOWELL, JJ., join in this dissent.