Dorothy TYLER, Appellant,

v.

Jerry TAYLOR, Appellee.

No. 49430.

Court of Appeals of Oklahoma, Division No. 1.

April 5, 1977.

Released for Publication by Order of Court of Appeals June 2, 1978.

Lampkin, Wolfe, Burger, McCaffrey & Norman, Oklahoma City, for appellant.

Looney, Nichols, Johnson & Hayes by Edwin F. Garrison, Oklahoma City, for appellee.

ROMANG, Judge:

This is a personal injury action in which the trial court sustained defendant's special demurrer on the ground that valid service of summons was not obtained upon defendant within the time allowed by law.

Plaintiff has appealed and here presents a single proposition for reversal, which reads:

It was error for the trial court to grant defendant's special demurrer, because plaintiff's action was timely filed.

Plaintiff was injured in a trip and fall accident on August 31, 1973. She filed this action April 22, 1975, to recover damages for her injuries. It is undisputed that the two year statute of limitation applies.

The first summons was issued on April 22, 1975, and was returned not found on April 25. The second summons was issued on July 22, 1975, and was returned not found on August 1. The third summons was issued on August 25, 1975, and was returned not found on August 26. The fourth summons was issued on September 29, 1975, and was returned not found. The fifth summons was issued on October 29, 1975, and was served on the defendant on November 5, 1975.

The question is whether this fifth summons was timely served. It is undisputed that plaintiff was diligent in attempting to obtain service of summons on the defendant.

Plaintiff relies on 12 O.S.1971, § 151, which provides:

A civil action is deemed commenced by filing in the office of the court clerk of the proper court a petition and by the clerk's issuance of summons thereon.

· · ·

In this regard, 12 O.S.1971, § 97, provides in pertinent part:

. . . An attempt to commence an action shall be deemed equivalent to the commencement thereof, within the meaning of this article, when the party faithfully, properly and diligently endeavors to procure a service; *but such attempt must be followed by . . . service of the summons, . . . within sixty (60) days.* (Emphasis supplied.)

In *Lake v. Lietch,* 550 P.2d 935 (Okl.1976), in commenting on § 97, the court said:

Under this section an action will be timely "commenced" if summons is issued prior to expiration of statute of limitations even though service is not had until after the statute has run, if it is had within 60 days after the attempt is made. This provision standing alone would not allow plaintiffs to remain in the suit because the only summons issued within the two year limitation . . . did not result in service within 60 days.

Another statute relating to the subject at hand, is 12 O.S.1971, § 154.5. It reads:

A new summons may be issued and served on the defendant after a court quashes the summons or its service notwithstanding the fact that the time for commencing the action shall have expired if the new summons is served on the defendant within sixty (60) days after the date of the order quashing the prior summons or its service.

Again in *Lake v. Lietch,* supra, the court said:

§ 154.5 was enacted to aid a plaintiff in the situation where a summons was issued prior to the running of the statute of limitations but was not ruled on as ineffective until after the statute had expired. It is remedial legislation permitting "a new summons" to relate back to one issued within the statute of limitations and thus the action is timely "commenced" as defined in § 97 (supra). It was not the intent of the Legislature in this enaction to circumvent the statute of limitations entirely. This would be the effect of holding an infinite string of summons may be issued after the period of limitations has expired as long as each is issued within 60 days of the quashing of the last preceding summons.

In the case at bar, neither the issuance nor the service of the last summons was within the time allowed by law, and therefore the trial court properly sustained the special demurrer.

AFFIRMED.

REYNOLDS, P. J., and BOX, J., concur.