Johnette M. GREEN, Appellant,

v.

Timothy Scott HUFF, Appellee.

No. 54511.

Supreme Court of Oklahoma.

Nov. 3, 1981.

As Corrected Nov. 30, 1981.

Sellers & Harlan by John L. Harlan, Sapulpa, for appellant.

Ray H. Wilburn, Scott T. Knowles, Tulsa, for appellee.

LAVENDER, Justice:

Two questions are presented by this appeal:

1. Whether a pleading characterized as a "special demurrer" can reach the question of whether the statute of limitations has run on a claim set forth in a petition, when it is necessary in order to present the question for review that the court must consider the summons on file in the case to determine the date of its issuance, and to consider the return of summons in order to determine when and how it was served.

2. Where a petition is filed and a summons is issued prior to the running of the statute of limitations and the summons is returned "not found" and thereafter the statute of limitations runs, does 12 O.S.1971 § 97 [1] extend the time in which to get service of summons for a period of sixty days from the date of the filing of the petition and issuance of the first summons, or sixty days from the date of the return of the last abortive attempt to serve the summons?

Plaintiff (Appellant) first urges that the question of the running of the statute of limitations cannot be raised by special demurrer where the running of the statute is not disclosed on the face of the petition, relying on the language of 12 O.S. 1971 § 267.[2] The substance of the pleading together with the supporting brief of defendant which was incorporated into the pleading by reference clearly presents the issue of whether the statute has run as is shown on the record in the case as then constituted (the petition, summonses, and return of summonses filed in the case). Had the defendant characterized the pleading as a motion for summary judgment under Rule 13 of the Rules for the District Courts of Oklahoma, the issue of the running of the statute would have been presented on the face of the record.[3]

But the nature of a pleading is determined by its contents, and not by the title given to it.[4] As we said in *Northwestern*

1. 12 O.S.1971 § 97 provides: *An action shall be deemed commenced, within the meaning of this article* (§§ 91 to 102 of 12 O.S.1971), *as to each defendant, at the date of the summons which is served on him*, or on a codefendant, who is a joint contractor or otherwise united in interest with him. Where service by publication is proper, the action shall be deemed commenced at the date of the first publication. *An attempt to commence an action shall be deemed equivalent to the commencement thereof*, within the meaning of this article, *when the party faithfully, properly and diligently endeavors to procure a service; but such attempt must be followed by* the first publication or *service of the summons* or if service is sought to be procured by mailing, by a receipt of certified mail containing summons, *within sixty (60) days*." (The pertinent part of the statute is emphasized.)

2. 12 O.S.1971 § 267 provides: "The defendant may demur to the petition only when it appears on its face, either:
  "First. That the Court has no jurisdiction of the person of the defendant, or the subject of the action.
  "Second. That the plaintiff has no legal capacity to sue.
  "Third. That there is another action pending between the same parties for the same cause.
  "Fourth. That there is a defect of parties, plaintiff or defendant.
  "Fifth. That several causes of action are improperly joined.
  "Sixth. That the petition does not state facts sufficient to constitute a cause of action."
  See *Kile v. Cotner*, Okl., 415 P.2d 961 (1966); *James v. Unknown Trustees*, 203 Okl. 312, 220 P.2d 831, 20 A.L.R.2d 1077 (1950); *Mead v. Vincent*, 199 Okl. 508, 187 P.2d 994 (1948); *First Nat. Bank of Harrah v. Wright*, 192 Okl. 182, 135 P.2d 344 (1943); *Liberty Nat. Bank of Weatherford v. Brommer*, 172 Okl. 244, 45 P.2d 85 (1935); *Wray v. Howard*, 79 Okl. 223, 192 P. 584 (1920).

3. *Weaver v. Pryor Jeffersonian*, Okl., 569 P.2d 967 (1977). Rule 13 in pertinent part provides: "A party may move for judgment in his favor on the ground that the depositions, admissions, answers to interrogatories, and affidavits on file, filed with his motion or subsequently filed with leave of court show that there is no substantial controversy as to any material fact . . . . . The court shall render judgment if it appears that there is no substantial controversy as to any material fact and that any party is entitled to judgment as a matter of law . . . . "

4. *Bill Hodges Truck Company v. Kaw Drilling Company*, Okl., 465 P.2d 757 (1970); *Boose v. Hanlin*, Okl., 346 P.2d 932 (1959); *White v. Mitchell*, 206 Okl. 151, 241 P.2d 407 (1952);

*National Life Ins. Co. v. Highley*, Okl., 416 P.2d 932 (1966):

> "The rules of pleading have been in the past years relaxed so that many of the former pitfalls no longer exist. The trend throughout the nation is to liberalize all rules in regard to pleadings so that courts may focus their attention on the substantive merits of the dispute rather than upon procedural matters."

And in *Flick v. Crouch*, Okl., 434 P.2d 256, 262 (1967):

> "Therefore, when the petition shows on its face that the cause of action stands abrogated, the plea or motion to dismiss should be treated as a demurrer, and if the facts alleged in the petition do not disclose such infirmity, the plea should be regarded and disposed of as a motion for summary judgment under Rule 13 (governing district, superior and common pleas courts of Oklahoma)."

We therefore hold that the court below could properly have treated the defendant's demurrer as a motion for summary judgment under Rule 13, and this court so regards it on appeal.

Plaintiff alleges she was involved in an automobile collision between a vehicle driven by her and one driven by defendant on May 23, 1977. Suit was filed and summons issued on May 11, 1979. On May 18, 1979, the sheriff made a return showing:

"Timothy Scott Huff (Gone for the summer )
(Returned by request of)
(Plaintiff's attorney )."

An alias summons was issued on July 11, 1979, and the sheriff's return shows service of the alias summons on July 12, 1979.

It is agreed by the parties that unless extended by the provisions of 12 O.S.1971 § 97, the statute of limitations period expired.[5]

Other than suggesting that the language of the sheriff's return of May 18, 1979, discloses that the plaintiff procured the issuance of the summons and directed the sheriff not to serve it, no claim is made that the plaintiff did not "faithfully, properly and diligently endeavor to procure a service" within the meaning of § 97. However, the clear meaning of the sheriff's return is that the sheriff, having learned that defendant was away for the summer, so advised plaintiff's attorney who requested the sheriff to make his return and not hold the unserved summons.

Thus, the question becomes: Where the petition is filed and a summons issued prior to the running of the statute of limitations and the summons is returned "not found" and thereafter the statute of limitations runs, does 12 O.S.1971 § 97 extend the time in which to get service of summons for a period of sixty days from the date of the filing of the petition and issuance of the first summons, or sixty days from the date of the return of the last abortive attempt to serve the summons? We hold that § 97 extends the time for sixty days from the filing of the petition and issuance of the first summons.

In determining whether the words, "within sixty days," relate to and modify the words, "such attempt," or relate to and modify the words, "an action shall be deemed commenced, . . . as to each defendant, at the date of the summons which served on him . . . ," the cardinal rule of statutory construction is the ascertainment of legislative intent.[6]

In construing an Oregon statute identical in pertinent language to § 97, the Oregon Supreme Court in the case of *Kenner v. Schmidt*, 252 Or. 218, 448 P.2d 537 (1968) and also in the case of *Lang v. Hill*, 226 Or. 371, 360 P.2d 316 (1961) said:

**5.** 12 O.S.1971 § 95 (Third); *Jones v. Hammond*, Okl., 420 P.2d 870 (1966).

**6.** *Riffe Petroleum Co. v. Great Nat. Corp., Inc.*, Okl., 614 P.2d 576 (1966).

*Gardner v. Incorporated City of McAlester*, 198 Okl. 547, 179 P.2d 894 (1947); *Bosley v. Prudential Ins. Co. of America*, 192 Okl. 304, 135 P.2d 479 (1943); *Johnson v. Williams*, 192 Okl. 163, 134 P.2d 584 (1943); *In re Hicks' Estate*, 189 Okl. 310, 116 P.2d 905 (1941); *Thomas v. Dawson*, 189 Okl. 193, 115 P.2d 136 (1941).

"In *Dutro v. Ladd,* 50 Or. 120, 91 P. 459, 460, this court held that the requirement of the last sentence of ORS 12.030, 'But such attempt shall be followed by the first publication of the summons or the service thereof within sixty days,' means sixty days from the filing of the complaint and that where more than sixty days elapsed after the filing of the complaint before summons was served on the defendant or publication of summons commenced and the statutory time had meanwhile run, the action was barred. This decision has stood unchallenged for nearly sixty years and the construction there given the statute is, we think, undoubtedly correct."

Support for the construction placed upon the statutory language by Oregon can be found in accepted rules of construction and in common sense. Relative and qualifying or modifying words, phrases, and clauses should be referred to the word, phrase or clause with which they are grammatically connected.[7] Here the principal subject discussed is that an action will be deemed commenced insofar as limitations statutes are concerned at the date of the summons which is served on a defendant. The words of the section which follow appear to be modifications of the principal subject.

In construing the meaning of 12 O.S.1971 § 154.5[8] this court said in *Lake v. Lietch,* Okl., 550 P.2d 935 (1976): "It was not the intent of the Legislature in this enaction to circumvent the statute of limitations entirely. This would be the effect of holding an infinite string of summons may be issued after the period of limitations has expired as long as each is issued within 60 days of the quashing of the last preceding summons." The quoted observations from *Lake* relating to § 154.5 apply equally here, and we hold that it was not the intent of the

Legislature that an infinite string of summons may be issued so long as each is within 60 days of the last attempt to get service under § 97.

Since in the case now before us the plaintiff did not get service of summons on the defendant within 60 days from the date of the filing of the petition and the issuance of the original summons (the two year statute of limitations having meanwhile run), plaintiff's action is barred,[9] and therefore the trial court properly sustained what in effect was defendant's motion for summary judgment.

AFFIRMED.

IRWIN, C. J., and SIMMS, DOOLIN and OPALA, JJ., concur.

BARNES, V. C. J., and HODGES and HARGRAVE, JJ., dissent.

---

7. *Greenough v. Phoenix Ins. Co.,* 206 Mass. 247, 92 N.E. 447; *State ex rel. Blakeslee v. Clausen,* 85 Wash. 260, 148 P. 28.

8. 12 O.S.1971 § 154.5 provides: "A new summons may be issued and served on the defendant after a court quashes the summons or its service notwithstanding the fact that the time for commencing the action shall have expired if

the new summons is served on the defendant within sixty (60) days after the date of the order quashing the prior summons or its service."

9. *Tyler v. Taylor,* Okl.App., 578 P.2d 1214 (1978).