Argued and submitted January 20, remanded for entry of amended judgment
September 29, 1993

Vennie MITCHELL,
*Respondent,*

*v.*

Marilyn HARRIS,
Personal Representative of
the Estate of Rose Harris,
*Appellant.*

(9012-07914; CA A72904)

859 P2d 1196

Thomas W. Brown, Portland, argued the cause for appellant. With him on the briefs were Norma S. Poitras and Cosgrave, Vergeer & Kester, Portland.

Philip Lebenbaum, Portland, argued the cause for respondent. With him on the brief was Hollander, Lebenbaum & Gannicott, Portland.

Before Warren, Presiding Judge, and Edmonds and Landau, Judges.

LANDAU, J.

## LANDAU, J.

Defendant appeals from a judgment on a jury verdict awarding plaintiff damages for personal injury arising out of an automobile accident. Defendant assigns error to the trial court's denial of her motion for summary judgment, which was based on her defense that plaintiff's claim was time-barred. She also assigns error to the trial court's refusal to reduce the judgment by the amount of personal injury protection (PIP) wage loss benefits that plaintiff received from her insurer. We remand for entry of an amended judgment.

We address first the denial of defendant's motion for summary judgment. On December 15, 1988, plaintiff and Rose Harris (Rose) were involved in an automobile accident. On December 12, 1990, plaintiff filed a complaint against Rose. The following week, plaintiff served summons and complaint on both the Oregon Motor Vehicles Division (MVD) and Rose's insurer. Plaintiff attempted unsuccessfully to serve Rose in person. She did not mail a copy of the summons and complaint to Rose. On January 24, 1991, Rose died.

The following day, Rose's insurer filed an answer, purportedly on Rose's behalf. On April 2, 1991, plaintiff served a summons and complaint on defendant Marilyn Harris, the personal representative of Rose's estate. Plaintiff then filed a motion to substitute Marilyn Harris as defendant. Defendant did not object, and the court granted the motion.

Defendant moved for summary judgment on the ground that plaintiff never properly effected service on Rose before the running of the statute of limitations. The trial court denied the motion reasoning that, by serving MVD and Rose's insurer, plaintiff had commenced her action within the time required by law. Defendant argues that the trial court erred because, under ORCP 7D(4)(a),[1] substitute service on MVD is inadequate unless followed by service on Rose by mail. Plaintiff argues that, although ORCP 7D(4)(a) requires follow-up service by mail, that requirement does not affect the timeliness of the filing of her claim against Rose for statute of limitations purposes. Plaintiff further argues that,

---

[1] ORCP 7D(4)(a) has since been amended. The amendments do not affect the disposition of this case.

even if she failed to commence her action against Rose within the limitation period, her action against *defendant* was timely under ORS 12.190(2), which she contends suspended the action against Rose and tolled the statute of limitations for an additional year, to permit filing a claim against Rose's personal representative.

■ Defendant is correct that plaintiff's action against Rose was not commenced by mere service on MVD and Rose's insurer. In *Baker v. Foy*, 310 Or 221, 797 P2d 349 (1990), the Supreme Court established a two-step test for determining the adequacy of service of process. First, if the plaintiff used one of the methods described in ORCP 7, then service is presumed to have been reasonably calculated to apprise the defendant of the action and to afford her a reasonable opportunity to appear and defend. Second, if the defendant rebuts that presumption, or if the plaintiff did not use one of the methods described in the rule, then the court must determine whether service, nevertheless, was adequate, because it satisfied the "reasonable notice" standard set forth in ORCP 7D(1). 310 Or at 228-29.

In this case, plaintiff attempted service under ORCP 7D(4)(a), which provides that, in actions arising out of motor vehicle accidents occurring in this state, defendants

> "may be served with summons by personal service upon the Motor Vehicles Division *and mailing by registered or certified mail, return receipt requested, a copy of the summons and complaint to the defendant* and the defendant's insurance carrier if known." (Emphasis supplied.)

The rule further provides that,

> "[f]or purposes of computing any period of time prescribed or allowed by these rules, service under this paragraph shall be complete upon such mailing."

Thus, to effect service under ORCP 7D(4)(a), a plaintiff must mail a copy of the summons and complaint to the defendant, and service is not complete until a copy is mailed to the defendant. Service on a defendant's insurer does not suffice. *Hoyt v. Paulos*, 310 Or 196, 203, 796 P2d 355 (1990). Here, plaintiff never mailed a copy of the summons and complaint to Rose. Therefore, plaintiff did not complete service on Rose under ORCP 7D(4)(a). We turn to the question whether

service nevertheless was completed under the general provision of ORCP 7D(1).

That issue was squarely addressed in *Campos v. Chisholm*, 110 Or App 158, 821 P2d 1121 (1991). There, we held that service on MVD and a defendant's insurer was insufficient to satisfy the reasonable notice requirement of ORCP 7D(1). The trial court, therefore, was incorrect in its conclusion that service on MVD and Rose's insurer was adequate.

That does not necessarily mean, as defendant argues, that plaintiff's action against her, as Rose's personal representative, was not timely. ORS 12.190(2) provides:

"If a person against whom an action may be brought dies before the expiration of the time limited for its commencement, an action may be commenced against the personal representative of the person after the expiration of that time, and within one year after the death of the person."

Accordingly, if Rose died before the expiration of "the time limited for [the] commencement" of the action against her, then plaintiff had another year from the date of Rose's death to file an action against Rose's personal representative.[2]

Under ORCP 3, an action is "commenced" by filing a complaint with the clerk of the court. Therefore, in the Oregon Rules of Civil Procedure that refer to "the period provided by law for commencing the action," *see* ORCP 23C, the period referred to ends when the complaint can no longer be timely filed with the clerk, and the time allowed for service of process is of no consequence. *Richlick v. Relco Equipment, Inc.*, 120 Or App 81, 852 P2d 240 (1993); *see also Hurley v. Shinmei Kisen K.K.*, 98 Or App 180, 187 n 6, 779 P2d 1041 (1989), *rev den* 309 Or 291 (1990). However, ORCP 3 expressly provides that its definition of "commencement" applies "[o]ther than for purposes of statutes of limitations." That is, it does not define "commencement" as that term is used in ORS chapter 12. *Bell et al v. Quaker City F. & M. Ins. Co.*, 230 Or 615, 370 P2d 219 (1962) (construing ORS 12.020

---

[2] Plaintiff refers to that as "suspending" the statute of limitations. Strictly speaking, that is incorrect. ORS 12.190(2) does not suspend the statute of limitations; it allows additional time within which an action may be brought against the personal representative of a decedent's estate.

(*since amended by* Or Laws 1973, ch 731, § 1) and *former* ORS 12.030 (*repealed by* Or Laws 1973, ch 731, § 2)).

ORS 12.020(1) provides that:

> "Except as provided in subsection (2) of this section, for the purpose of determining whether an action has been commenced within the time limited, an action shall be deemed commenced as to each defendant, when the complaint is filed, and the summons served on the defendant * * * ."

Thus, timely filing a complaint *and* completing service makes an action "commence" for purposes of chapter 12. Subsection (2) of that section expressly provides that an action is not commenced until summons and complaint are served, *and* it provides that a plaintiff has 60 days after filing the complaint to complete service.

■ In *Ben Rybke Co. v. Royal Globe Insurance Co.*, 293 Or 513, 651 P2d 138 (1982), the court construed ORS 12.155, which makes clear that the phrase "the period of limitation for the commencement of an action" cannot mean the same thing as "the statute of limitations." 293 Or at 518. The effect of ORS 12.020(2) is to add a short period to the statute of limitations, provided that the complaint is timely filed. *Moser v. Greyhound Lines, Inc.*, 267 Or 282, 285, 516 P2d 1285 (1973).[3] Consistent with *Ben Rybke* and *Moser*, we hold that the "time limited for commencement" of an action under ORS 12.190(2) includes the 60-day service period.

Plaintiff's complaint was filed on December 12, 1990, before the expiration of the statute of limitations. Rose died on January 24, 1991, within 60 days of the filing of the complaint. Therefore, she died before the expiration of the time limited for the commencement of the action against her and, under ORS 12.190(2), plaintiff had a year from the date of Rose's death to commence an action against the personal representative of Rose's estate. Plaintiff did so on April 2, 1991, well within the one-year period.

---

[3] *Moser* construed *former* ORS 12.030, the predecessor to ORS 12.020(2). In 1973, the legislature repealed ORS 12.030 and added ORS 12.020(2) in order to eliminate the requirement that summons and complaint be delivered to the sheriff of the county in which defendant last resided. Or Laws 1973, ch 731, § 1; Minutes, House Judiciary Committee, May 16, 1973, p 2.

Defendant argues that plaintiff's service on her was ineffective, because it took place before the court permitted substitution of the parties. Whatever the merits of that argument, we do not reach them. Defendant did not complain at trial that service on her was defective.[4] Nor did defendant object to the substitution of parties following the service of the summons and complaint. On appeal, defendant does not assign as error the trial court's decision ordering the substitution of parties and, even if that were error, the issue was not preserved. Plaintiff's action against defendant, therefore, was timely filed, and the trial court did not err in denying defendant's motion for summary judgment.

■ We next address defendant's assignment of error concerning the trial court's refusal to reduce the judgment by the amount of PIP wage loss benefits plaintiff received from her insurer. Defendant contends that ORS 18.510 requires that the judgment be reduced by the amount of those benefits. Defendant is correct. ORS 18.510(2) provides:

> "If judgment is entered against a party who is insured under a policy of liability insurance against such judgment and in favor of a party who has received benefits that have been the basis for a reimbursement payment by such insurer under ORS 742.534, *the amount of the judgment shall be reduced by reason of such benefits*[.]" (Emphasis supplied.)

Plaintiff argues that the jury already reduced its verdict to account for the PIP payments and that we should not reverse the trial court's decision, because defendant has neglected to designate portions of the record that manifest that fact. *See Reeder v. Kay*, 276 Or 1111, 1115, 557 P2d 673 (1976).

Plaintiff argues that the portions of the record not designated by defendant would show that the jury heard evidence of the PIP payments and that plaintiff asked the jury to take into account those payments in reaching a verdict. Even assuming that those portions of the record were before us, the fact remains that the form of verdict stated only a general award of economic damages. Accordingly, regardless

---

[4] In fact, defendant conceded that the personal representative was properly served.

of what other portions of the record may show,[5] the trial court could not have determined from the verdict form that the jury did or did not include an adjustment for the PIP benefits already received. Any conclusions about how the jury actually calculated plaintiff's damages would be based on mere speculation. A trial court may not refuse to reduce a judgment by the amount of PIP benefits received based on speculation about the basis of a jury's award of damages. *Dougherty v. Gelco Express Corp.*, 79 Or App 490, 495-96, 719 P2d 906 (1986). The trial court therefore erred in failing to reduce the judgment.

Remanded for entry of an amended judgment.

---

[5] Plaintiff does not argue that the court instructed the jury to take into account PIP payments already received. *See Brus v. Goodell*, 119 Or App 74, 77-78, 849 P2d 552 (1993).