Bobbie Ann PURVEY,
Plaintiff/Respondent,

v.

STATE of Oklahoma,
Defendant/Petitioner.

No. 85293.

Supreme Court of Oklahoma.

Oct. 10, 1995.

Michael L. Bardrick, Oklahoma City, for Plaintiff/Respondent.

W.A. Drew Edmondson, Attorney General of Oklahoma by W. Craig Sutter, Assistant Attorney General, Oklahoma City, for Defendant/Petitioner.

HODGES, Justice.

Bobbie Ann Purvey (Plaintiff) was an inmate incarcerated at the Mabel Bassett Correctional Center. She was participating in a work program clearing trees and brush from a field so that the Department of Public Safety could build a physical training park. She was working with another inmate who was using a chain saw. The saw became stuck and kicked, cutting Plaintiff's ankle. The Department of Corrections provided medical care at no cost to her. She has since been released from Department of Corrections custody.

Plaintiff filed her petition alleging the Department of Corrections was negligent in failing to train and supervise inmates with regard to the use and safety of chain saws or to provide instruction brochures and safety materials to the inmates. She alleged damages in excess of $10,000.00.

The state filed a motion for summary judgment arguing the suit was barred by the Governmental Tort Claims Act, Okla.Stat. tit. 51, §§ 151–200 (1991 & Supp.1994). The trial court denied the state's motion but certified the decision for immediate review under section 952(b)(3) of title 12, stating that re-

view of the issue would materially advance the ultimate termination of the litigation. The trial court noted that, although the state's motion was labeled a motion for summary judgment, it was actually a motion to dismiss because it relied solely on the allegations in the petition.

■ Rule 1.50 of the Rules of Appellate Procedure in Civil Cases, Okla.Stat. tit. 12, ch. 15, app. 2 (1991), provides that "[n]o certified interlocutory order shall be considered if taken from an order overruling a motion for summary judgment." But this Court has held that "the nature of a pleading is determined by its contents, and not by the title given to it." *Green v. Huff,* 636 P.2d 907, 908 (Okla.1981) (footnote omitted). The trial court correctly observed that, in all substantive respects, the motion was one to dismiss. The sovereign immunity issue will, therefore, be reviewed by this Court.

■ Section 155(24) of title 51 provides that the state shall not be liable for a loss or claim resulting from:

> [p]rovision, equipping, operation or maintenance of any prison, jail or correctional facility, or injuries resulting from the parole or escape of a prisoner [or injuries] by a prisoner to another prisoner; provided, however, this provision shall not apply to claims from individuals not in the custody of the Department of Corrections based on accidents involving motor vehicles owned or operated by the Department of Corrections.[1]

The state argues that the text of this provision and the relevant case law required the trial judge to dismiss the claim. The former inmate argues that the phrase "operation of a correctional facility" has been interpreted too broadly by this Court, although the precise facts of this case have not been addressed. She argues that, because her injury occurred while her work crew was assigned to a project for another state institution, her action

against the Department of Corrections should not be barred by the provision.

This Court construed the provision in *Medina v. State,* 871 P.2d 1379 (Okla.1993). There, an inmate died after he intentionally or accidently ingested a lethal quantity of his cellmate's medication. The personal representative of the prisoner's estate claimed that prison officials were negligent in dispensing the medication and failed to follow prison procedures. This Court held that the purpose of the provision is to protect the state and political subdivisions from tort liability for the actions of officers and employees in operating a penal institution. *Id.* at 1383.

That holding was recently reaffirmed in two cases. In *Redding v. State,* 882 P.2d 61 (Okla.1994), a prisoner was struck in the head by a softball during a prison softball game. This Court held that the plain language of the provision "includes the myriad of actions involved in the day to day operation of a prison, and that the obvious purpose and intent of that provision is to shield the state from tort liability for loss resulting from functions of officers and employees performed in the operation of a penal institution." *Id.* at 63. Additionally, in *State v. Burris,* 894 P.2d 1122 (Okla.1995), the state was held to be immune from a suit by a visitor to a correctional center who tripped over a curb while leaving after visiting a relative.

The *Medina* holding applies to these facts. Plaintiff's claim of negligence by prison officials in issuing chain saws to prisoners without proper training is barred by section 155(24) as an act performed in the operation of a penal institution. The trial court erred in overruling the state's motion to dismiss.

CERTIORARI PREVIOUSLY GRANTED; ORDER OF TRIAL COURT OVERRULING MOTION FOR SUMMARY JUDGMENT REVERSED; CAUSE REMANDED WITH DIRECTIONS TO DISMISS.

---

1. The words "or injuries," bracketed in the quote, did not appear in the statute until it was amended last year. *See* 1994 Okla.Sess.Laws 1280. That amendment also renumbered the subsection from 23 to 24.

Without the two words, the meaning of that part of the provision was unclear. Because the earlier garbled version of the provision was in effect at the time of the injury, this opinion does not address the effect of the fact that the injury was caused by another prisoner.

WILSON, C.J., and HODGES, LAVENDER, SIMMS, HARGRAVE, OPALA and WATT, JJ., concur.

KAUGER, V.C.J., and SUMMERS, J., dissent.

SUMMERS, Justice, dissenting, with whom KAUGER, Vice Chief Justice, joins.

Today we learn that providing a chain saw to a prisoner untrained in the use of chain saws, for a job not on Department of Corrections property, but for the purpose of making a park for the Department of Public Safety, is part of the "operation" of a "correctional facility." I fear that if the Court reads the immunity statute, 51 O.S.1991 § 155(24), formerly (23), that broadly, what the Court really says is that no prisoner need sue the State in tort for any misfortune he or she might suffer at the hands of the DOC—it will not be heard. If such an extension of governmental immunity is to take place it should be the Legislature to say so and not this Court.

This plaintiff was injured in the process of the DOC's providing inmate labor to assist another state agency in the construction of a park; not in the operation of a penal institution. The statute granting immunity, as written, is not broad enough to save the State. I respectfully dissent.